975 F.2d 867
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Harlan THORNTON, Appellant.
 No. 92-2132.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 14, 1992.
Filed: September 17, 1992.
 
 Before WOLLMAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Harlan Thornton appeals the prison sentences imposed on him by the district court.[1] He argues that the district court erred in failing to sentence him to home detention because of his serious illnesses, as contemplated under U.S.S.G. § 5H1.4, p.s. (1990) (extraordinary physical impairment may be reason to impose sentence other than imprisonment). We affirm.
 
 
 2
 Thornton pleaded guilty to violations of 21 U.S.C. § 846 (attempt to possess with intent to distribute marijuana) and 18 U.S.C. § 924(c)(1) (use of firearm during and in relation to crime of drug trafficking). At the sentencing hearing, Thornton presented evidence that he suffered from numerous physical impairments, including bladder cancer, heart disease, diabetes, and glaucoma. Thornton requested a departure under section 5H1.4, arguing that his physical impairments were extraordinary and justified a sentence of home detention rather than imprisonment.
 
 
 3
 The district court recognized that section 924(c) mandates a five-year prison sentence for the firearm offense, and that a departure from that sentence required a motion by the government under 18 U.S.C. § 3553(e). See United States v. Rudolph, No. 92-1084, slip. op. at 6 (8th Cir. July 22, 1992). The government presented evidence that Thornton did not cooperate with the government and advised that it would not move for a downward departure from the statutory minimum prison sentence. The court then sentenced Thornton to fifteen months imprisonment for the drug offense, and to a consecutive five-year term of imprisonment for the firearm offense.
 
 
 4
 Thornton's five-year prison sentence for the firearm offense was mandatory when the government made no motion for a downward departure. The fifteen-month prison sentence for the drug offense was also proper. Consistent with 18 U.S.C. § 3561(a)(3), the Guidelines provide that probation may not be imposed for one offense when the defendant is sentenced to a term of imprisonment for a different offense. U.S.S.G. § 5B1.1(b)(3). The home detention that Thornton requested is a condition of probation. U.S.S.G. § 5F1.2. Therefore, home detention could not be imposed in lieu of imprisonment for the drug offense because Thornton was sentenced at the same time to the mandatory five-year prison term for the firearm offense.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas