NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0536n.06
Filed: June 22, 2005

No. 04-4493

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellant*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| **JAMES K. BRICENO**, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellee*. | ) | |

BEFORE:    BATCHELDER and COLE, Circuit Judges; REEVES, District Judge[*]

**R. GUY COLE, JR., Circuit Judge.**  Plaintiff-Appellant, the United States of America,

appeals the sentence imposed by the district court against Defendant-Appellee, James K. Briceno,

based on Briceno's guilty plea to being a felon in possession of a firearm.  The government argues

the district court erred in granting Briceno a six-level downward departure.  For the following

reasons, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

In 1992, James K. Briceno pleaded guilty to marijuana trafficking, a felony under Ohio law.

In 2004, the police conducted a search of Briceno's residence based on a confidential informant's

statement that Briceno dealt illegal drugs from his home.  When the police arrived, Briceno openly

---

[*]The Honorable Danny C. Reeves, United States District Judge for the Eastern District of
Kentucky, sitting by designation.

admitted he had an unloaded firearm and marijuana for personal use in a locked box. He explained that his nephew had found the gun in the mud while playing outside, and that he had taken the gun from his nephew and placed it in a locked box to keep it away from his children. Briceno told police he had never fired the gun. Briceno also told police that he had never purchased ammunition for the weapon. The police conducted a full search of the residence and found cocaine, marijuana, drug paraphernalia, and a semi-automatic pistol in the locked box. They did not, however, find any ammunition for the firearm.

Briceno pleaded guilty to being a felon in possession of a firearm but did not enter into a plea agreement with the government. The charges based on the narcotics are currently pending in state court. Prior to sentencing for the felon-in-possession charge, the U.S. Probation Office prepared a pre-sentence investigation report. The report indicated that the base offense level for a violation of the felon-in-possession statute, 18 U.S.C. § 922(g), was 20. U.S.S.G. § 2K2.1(a)(4)(A). The report recommended a two-level decrease in Briceno's offense level based on his acceptance of responsibility, U.S.S.G. § 3E1.1(a), and a potential additional one-level decrease under U.S.S.G. § 3E1.1(b) based on Briceno's timely notification of his guilty plea. The report indicated Briceno's past criminal conduct placed him in Criminal History Category II.

At the sentencing hearing, the government recommended a three-level decrease in the offense level based upon the referenced provisions of the guidelines. The court granted this decrease. The court then indicated that this was "an unusual case" and granted the defendant a six-level downward departure based on factors which the court deemed "outside the heartland of cases considered by the sentencing commission." U.S.S.G. § 5K2.0. The court based this departure on

several factors. First, the court noted that Briceno's nephew had found the gun and that it only entered Briceno's possession after Briceno's wife took the gun from his nephew and gave it to him. The court indicated that Briceno secured the gun in a lockbox and never obtained bullets for it. Next, the court indicated that the defendant had a wife and three children, had complied with all pretrial monitoring, and had not been in trouble with the law for almost 13 years. The district court stated that these factors additionally justified the departure. The court then sentenced Briceno to five months of imprisonment, five months of home confinement, and two years of supervised release. The court also noted:

> [T]he sentence I have just imposed under the guidelines is the same sentence I will impose and would have imposed had the guidelines not been in place. Under 18 United States Code, Section 3553, I have determined this sentence by considering, as I've stated on the record, the nature and circumstances of this particular offense and the history and characteristics of this defendant, and I believe that the sentence reflects the seriousness of the offense, it promotes respect for the law, and it will provide just punishment for the offense and thereby deter further criminal activity by not just this defendant, but those in similar positions in the future. And I believe it will protect the public from further crimes of this nature from the defendant.

The government appealed.

## II. ANALYSIS

The Supreme Court's recent decision in *United States v. Booker*, 125 S. Ct. 738 (2005), does not require remand for resentencing in this case. There is no Sixth Amendment violation at issue here, as the district court did not engage in fact-finding that would increase the sentence above that statutorily allowed by the facts proven to the jury. *See Booker,* 125 S. Ct. at 755-56; *United States v. Oliver*, 397 F.3d 369, 378-381 (6th Cir. 2005). In addition, although the court did sentence Briceno (perhaps incorrectly) under the mandatory guidelines, it indicated that the defendant would

have received the same sentence absent the existence of the sentencing guidelines. Therefore, there is no reversible error based on the now-discretionary nature of the guidelines. *Cf. United States v. Barnett*, 398 F.3d 516, 526-30 (6th Cir. 2005).

We must therefore determine whether the district court's sentencing decision was "reasonable." *Booker*, 125 S. Ct. at 766. In making this determination, we first refer to the sentencing guidelines. In addition, we review the court's application of the sentencing guidelines *de novo*. *United States v. Hazelwood*, 398 F.3d 792, 795, 800-01 (6th Cir. 2005).

The district court appropriately calculated the guideline range for Briceno's offense based on Briceno's criminal history category and his offense level, adjusted by three levels based on Briceno's acceptance of responsibility and his timely notification of his guilty plea. U.S.S.G. §§ 3E1.1(a), (b). The court then granted Briceno a six-level downward departure based on the unique circumstances surrounding Briceno's acquisition and possession of the firearm, his family responsibilities, his compliance with pretrial monitoring, and the length of time that had passed since his prior felony offense. Under the mandatory guidelines, these factors were prohibited or discouraged. However, the question for this Court is whether the district court's decision to grant the defendant a six-level downward departure based on these previously discouraged or prohibited factors was reasonable after *Booker*.

In a similar case, this Court recently examined a district court's downward departure from the applicable guideline range based on factors previously discouraged under the mandatory guidelines. *See United States v. Jackson*, No. 04-3074, 2005 WL 1280992, at *2 (6th Cir. May 24, 2005). We observed in *Jackson* that although the downward departure based on previously

discouraged and prohibited factors "would almost certainly have been problematic under the Guidelines" prior to the Supreme Court's decision in *Booker*, the court's departure may be reasonable under the now-discretionary guidelines. *Id.* at *3. Because the district court failed to provide "any accompanying analysis," however, the Court remanded the appeal for analysis "to enable this [C]ourt to engage in a meaningful reasonableness review of federal criminal sentences in accordance with *Booker*." *Id.* The Court indicated that an appropriate analysis should include the applicable guideline range, a discussion of the reasonableness of a variation from that range, the advisory provisions of the guidelines, and the factors in 18 U.S.C. § 3553(a).

The district court in this case appropriately calculated the guideline range, explained its departure from that range, noted the advisory provisions of the guidelines, and considered the factors contained in 18 U.S.C. § 3553(a). Unlike in *Jackson*, we have a sufficient record for reasonableness review. Upon review of the record, the guideline range, and the justifications set forth by the district court, we cannot conclude that the departure was unreasonable. The court noted that the unique circumstances surrounding the acquisition and possession of the firearm placed this case "outside of the heartland" of cases considered by the sentencing commission, citing U.S.S.G. § 5K2.0. In addition, the court explained that Briceno's family circumstances, his compliance with pretrial services, and the time since his previous felony, also justified the departure. Although these factors were inappropriate for consideration under the mandatory guidelines, they provide a justification for a sentence decrease under the now-discretionary guidelines. 18 U.S.C. § 3553.

### III. CONCLUSION

For the preceding reasons, we **AFFIRM** the judgment of the district court.