**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0831n.06
Filed: October 7, 2005

04-1334

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,              )
                                       )
        Plaintiff-Appellee,            )
                                       )
v.                                     )   ON APPEAL FROM THE UNITED
                                       )   STATES DISTRICT COURT FOR THE
LOUIS ANTHONY WILBON,                  )   WESTERN DISTRICT OF MICHIGAN
                                       )
        Defendant-Appellant.           )


Before: DAUGHTREY and MOORE, Circuit Judges; ALDRICH,[*] District Judge.


**PER CURIAM.**   In a brief filed by his counsel, defendant Louis Anthony Wilbon

contends that the 51-month prison sentence he received after revocation of his supervised

release by the district court is "plainly unreasonable."  In addition, Wilbon has filed a

supplemental pro se brief asserting that there is insufficient evidence to support the district

court's revocation decision.  Although we find no merit to this latter allegation, we agree that

the district court's 51-month sentence violates relevant statutory provisions. Consequently,

we vacate the defendant's sentence and remand the case to the district court for further

proceedings.

---

[*]The Hon. Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

In December 2003, Wilbon was released from a federal penitentiary after serving a sentence for bank fraud (presenting an altered check) and began a court-ordered five-year period of supervised release. On January 5, 2004, the defendant entered a federally-insured credit union and opened an account with a ten-dollar deposit. Later that same day, someone presented an altered check in the amount of $60,000.03, drawn on an account that had been closed for more than three years, and deposited that money in Wilbon's new account. Seventeen minutes after that transaction, the defendant withdrew $40,000 from his account in cashier's checks and another $2,000 in cash.

According to law enforcement officials investigating the crime, Wilbon admitted knowing that the $60,000 check had been altered and also conceded that he had been in the credit union building at the time the check was deposited. He refused, however, to admit that he himself had presented the instrument for deposit into his account. At the subsequent revocation hearing, the defendant vehemently denied any wrongdoing, claimed to have no knowledge of the altered check, and asserted instead that he had deposited $40,000 into his account from his winnings at a Michigan gambling casino. The district judge, questioning Wilbon's credibility, noted the unlikelihood that someone *not* connected with the defendant would have deposited $60,000 in Wilbon's account so shortly after the account was opened. The judge then concluded, based on testimony at the hearing testimony, that the defendant had committed a criminal act that justified revocation of his supervised release and sentenced Wilbon to 51 additional months in prison.

A district court may "revoke a term of supervised release . . . if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release . . . ." 18 U.S.C. § 3583(e)(3). In turn, we review that district court determination to revoke only for an abuse of discretion. *See United States v. Curtis*, 237 F.3d 598, 605 (6th Cir. 2001).

We find no such abuse present in this case. Wilbon did not dispute that he opened an account at a federally-insured credit union with only ten dollars, yet withdrew tens of thousands of dollars later that same day. According to testimony accredited by the district judge, moreover, the defendant also did not initially dispute the fact that he was in the credit union building when a $60,000 deposit was made into his new account with an obviously altered check drawn upon a long-closed account. Although the defendant contends that the withdrawal from his account was only of cash proceeds of his gambling, he was unable to explain adequately the deposit of the altered $60,000 check. Under such circumstances, the district judge did not abuse his discretion in concluding that Wilbon engaged in an improper financial transaction that defrauded the credit union of funds.

Nevertheless, we agree with the defendant that the district court erred in imposing a 51-month sentence based on the revocation decision. Moreover, the government has filed a letter brief in which it concurs that the sentence imposed was incorrect. Pursuant to the explicit provisions of 18 U.S.C. § 3583(e)(3), revocation of supervised release cannot result in an additional punishment of "more than 3 years in prison if [the] offense [that

resulted in the term of supervised release] is a Class B felony . . . ." Because Wilbon was originally imprisoned upon an earlier conviction for bank fraud, a Class B felony, *see* 18 U.S.C. §§ 1344; 3559(a)(2), any new sentence of incarceration upon revocation of supervised release cannot exceed 36 months. Consequently, we VACATE the new sentence imposed upon Wilbon and REMAND this matter for re-sentencing.