*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0135p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 05-5657

WAYNE MORGAN JONES,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 05-00001—Karl S. Forester, District Judge.

Submitted: January 25, 2006

Decided and Filed: April 17, 2006

Before: MOORE and McKEAGUE, Circuit Judges; POLSTER, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** Adele Burt Brown, Lexington, Kentucky, for Appellant. Charles P. Wisdom, Jr., ASSISTANT UNITED STATES ATTORNEY, Lexington, Kentucky, for Appellee.

POLSTER, D. J., delivered the opinion of the court, in which McKEAGUE, J., joined. MOORE, J. (pp. 7-9), delivered a separate dissenting opinion.

_____

## OPINION

_____

POLSTER, District Judge. Defendant-Appellant Wayne Morgan Jones ("Jones") was sentenced to twelve months of imprisonment for defrauding and attempting to defraud a financial institution in violation of 18 U.S.C. § 1344(1) and using another person's identity to commit this fraud in violation of 18 U.S.C. §§ 1028(a)(7) and (2). Jones appeals this sentence, arguing that the district court should have reduced his sentence pursuant to U.S. Sentencing Guidelines ("U.S.S.G") § 5K2.23 because he had already served a one-year state sentence for the same conduct. For the reasons stated below, we **AFFIRM** Jones' sentence.

---

[*] The Honorable Dan Aaron Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

**I.**

On November 12, 2002, Jones fraudulently assumed the identity, including the date of birth and social security number, of Orville Wayne Hudson, to secure a $21,995 loan from Bank of America to purchase a recreational vehicle. On June 2, 2003, Jones traded in the vehicle at a dealership, using the proceeds to purchase another motor vehicle. To finance the purchase of the second motor vehicle, Jones again assumed the identity of Orville Wayne Hudson to secure a second loan from Bank of America.[1]

On December 10, 2003, Jones was sentenced for receiving stolen property in a Kentucky state court based on his illegally obtaining and possessing the second motor vehicle. Jones served 365 days in prison for this offense and was released from state custody on August 27, 2004.

On December 14, 2004, Jones was arrested on federal charges of bank fraud and identity theft based on his use of Orville Wayne Hudson's identity to finance the purchase of the two motor vehicles. Jones pled guilty to the charges without a written plea agreement. The presentence investigation report indicated that a § 5K2.23 downward departure[2] might be appropriate given that Jones had already served a state sentence for relevant conduct. At the sentencing hearing, Jones did not specifically request a downward departure pursuant to § 5K2.23. He did, however, request probation rather than a custodial sentence because, among other reasons, he had already served twelve months in state prison for the same conduct. The district court denied this request and sentenced Jones to twelve months of imprisonment, the high end of the 6-12 month advisory Guidelines range for offense level 10, Criminal History Category I.

**II.**

Jones argues that the trial court erred in failing to give him a below-Guidelines sentence under U.S.S.G. § 5K2.23 because of the one year he had already served in state prison for the same conduct. At the sentencing hearing, Jones' attorney did not specifically reference § 5K2.23 in his remarks to the district court, or specifically request a downward departure, but he did request a sentence of probation. Jones argues that his request for probation "would have required a downward departure because [Jones] was not eligible for probation according [to] the [G]uideline calculation."[3] Appellant's Br. at 4.

Section 5K2.23 provides as follows:

> A downward departure may be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of § 5G1.3 (Imposition of a Sentence on a Defendant Subject to Undischarged Term of Imprisonment) would

---

[1] It appears that Jones used the fictitious name Wayne T. Hudson, but adopted the non-fictitious social security number and date of birth of Orville Wayne Hudson, to secure these loans. *See* J.A. at 39-40 (Presentence Report at 6-7); Appellant's Br. at 3.

[2] As the Guidelines are now only advisory, *see United States v. Booker,* 543 U.S. 220, 245 (2005), the term "below-Guidelines sentence" is a more accurate term than "departure."

[3] The parties agree that Jones was at offense level 10 and Criminal History Category I, which produced an advisory Guidelines range of 6-12 months. U.S.S.G. § 5B1.1(b)(1) prohibits the imposition of a sentence of probation where the offense of conviction is a Class A or B felony. Bank fraud is a Class B felony. *See United States v. Burns,* 433 F.3d 442, 445 n.1 (5th Cir. 2005); *United States v. Wilbon,* 150 F. App'x 497, 499 (6th Cir. 2005) (unpublished). Furthermore, § 5B1.1(b)(3) bars a sentence of probation where the defendant is simultaneously sentenced to a term of imprisonment for the same or a different offense. *See also* 18 U.S.C. § 3561(a); *United States v. Thornton,* No. 92-2132, 1992 WL 226938, at *1 (8th Cir. Sept. 17,1992) (unpublished).

have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense. Any such departure should be fashioned to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3(b) authorizes an adjustment in a defendant's sentence and the concurrent running of sentences where the defendant is currently serving a sentence that "resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments)."**4**

Prior to the U.S. Supreme Court's decision in *United States v. Booker,* 543 U.S. 220 (2005), it was well-established in this Circuit that a district court's decision to deny a request for a downward departure was not reviewable unless the district court judge "incorrectly believed that [he] lacked any authority to consider defendant's mitigating circumstances as well as the discretion to deviate from the guidelines." *United States v. Clark,* 385 F.3d 609, 623 (6th Cir. 2004) (quoting *United States v. Landers,* 39 F.3d 643, 649 (6th Cir. 1994)); *United States v. Stewart,* 306 F.3d 295, 329 (6th Cir. 2002). In *United States v. Puckett,* 422 F.3d 340, 344-45 (6th Cir. 2005), this Court held that the pre-*Booker* standard foreclosing review of a district court's decision not to depart downward "unless the record reflects that the district court was not aware of or did not understand its discretion to make such a departure" survived *Booker*. *Id*. at 344 (citing *Stewart,* 306 F.3d at 329). The Court concluded that it did not have authority to review the district court's decision not to depart downward and affirmed the defendant's sentence. *Id*. at 346.

In *United States v. McBride,* 434 F.3d 470 (6th Cir. 2006), this Court addressed the potential tension between *Booker* and *Puckett* and clarified the scope of our review of sentences post-*Booker* in light of *Booker's* mandate to review a district court's sentence for reasonableness. The Court limited the holding in *Puckett* to preclude the review of that narrow determination to deny a Guidelines-based departure within the context of the advisory Guidelines calculation. Since under *Booker* this would merely be one factor to be considered when imposing a sentence, *McBride,* 434 F.3d at 474 n.1, 476, the Court held that *Puckett* did not alter our ability to review the overall reasonableness of a district court's sentence, and attributed the absence of this review in *Puckett* to the majority's belief that the defendant did not properly argue for reasonableness review on appeal. *Id*. at 474-75, 476 n.4; *see id.* at 476-77 ("[*Puckett*] does not prevent our review of a defendant's claim that his sentence is excessive based on the district court's unreasonable analysis of the [18 U.S.C. §] 3553(a) factors in their totality.").

### III.

We now review Jones' sentence for reasonableness. The district court must articulate the reasons for the particular sentence imposed in order to enable this Court to engage in a meaningful reasonableness review of the sentence. *United States v. Jackson,* 408 F.3d 301, 305 (6th Cir. 2005) (finding reasonableness review impossible where the district court provided a list of characteristics of the defendant that it considered at sentencing, without any accompanying analysis, and did not reference the applicable Guidelines provisions); *see also United States v. James Williams*, 432 F.3d 621, 623-24 (6th Cir. 2005) (affirming the district court's decision to depart downward where the district court, in following the framework established in *Jackson*, considered the applicable Guidelines range and provided a detailed analysis in support of its decision to depart). This Court has determined that a reasonableness review contains both substantive and procedural components.

---

**4**The parties apparently agree that § 5G1.3(b) would have provided an adjustment had Jones' completed term of imprisonment been undischarged at the time of Jones' sentencing for the instant offense.

*McBride,* 434 F.3d at 475 n.3 (citing *United States v. Webb,* 403 F.3d 373, 383-85 (6th Cir. 2005)). We must consider, therefore, the length of the sentence as well as "the factors evaluated and the procedures employed by the district court in reaching its sentencing determination." *Webb,* 403 F.3d at 383.

In determining the sentence to be imposed, the district court must consider the advisory Guidelines range and all relevant factors identified in 18 U.S.C. § 3553(a). *Jackson,* 408 F.3d at 305; *McBride,* 434 F.3d at 476. This Court recently held that sentences properly calculated under the advisory Guidelines are accorded a rebuttable presumption of reasonableness. *United States v. Leonard Williams,* 436 F.3d 706, 708 (6th Cir. 2006). Here, the district court properly calculated and considered the appropriate Guidelines range. We must, however, review under the reasonableness standard the district court's consideration and analysis of the factors listed in § 3553(a). *McBride,* 434 F.3d at 476-77.

Jones argues that his sentence is unreasonable because the district court failed to consider the policy statement set forth in U.S.S.G. § 5K2.23 which authorizes courts to depart downward if the defendant has already served a term of imprisonment for relevant conduct. This Guidelines provision is a pertinent factor under § 3553(a)(5) which requires the district court to consider any relevant policy statements in determining the sentence to be imposed.[5] Although the district judge did not explicitly refer to § 5K2.23 in his sentencing determination, he stated on the record that he considered the sentencing objectives set forth in § 3553 and determined that the sentence imposed would meet those objectives. J.A. at 27 (Tr. of Sentencing Hr'g at 7).

The district court need not explicitly reference each of the § 3553(a) factors in its sentencing determination. *McBride,* 434 F.3d at 475 n.3; *Leonard Williams,* 436 F.3d at 708. However, there must be "sufficient evidence in the record to affirmatively demonstrate the court's consideration of [these factors]." *McBride,* 434 F.3d at 475 n.3. Here, the district court properly considered the factors set forth in § 3553(a) in crafting the appropriate sentence.

The court found that "the scope of . . . Jones' fraudulent activities spans over 20 years and far exceeds that which is normally encountered by the Court." J.A. at 26 (Tr. of Sentencing Hr'g at 6). A review of the presentence report reveals that these fraudulent activities included convictions for interstate transportation of stolen vehicles, issuing insufficient funds checks, and alteration of automobile odometers. J.A. at 43-45 (Presentence Report ("PSR") at 10-12). These prior convictions were too old to count in computing Jones' criminal history category,[6] *see* U.S.S.G. § 4A1.1(a) cmt. n. 1 (citing *id.* § 4A1.2(e)), and Jones was therefore in Criminal History Category I. The district judge stated that he believed that the advisory Guidelines range was too low. J.A. at 27 (Tr. of Sentencing Hr'g at 7). The district judge then stated that he gave serious consideration to an upward departure, but, because of Jones' medical condition, decided not to depart upward. J.A. at 27 (Tr. of Sentencing Hr'g at 7). The court indicated that it had sympathy for Jones due to his heart condition but other than that had "absolutely no sympathy" for him. J.A. at 26 (Tr. of Sentencing Hr'g at 6). The court, therefore, considered "the nature and circumstances of the offense" and Jones' "history and characteristics," *see* 18 U.S.C. § 3553(a)(1), as well as "the need for the sentence imposed . . . to reflect the seriousness of the offense . . . and to provide just

---

[5] This provision would also be pertinent under § 3553(a)(2)(A) (requiring the court to consider the need for the sentence imposed to provide just punishment for the offense) and (2)(B) (requiring the court to consider the need for the sentence imposed to afford adequate deterrence to criminal conduct).

[6] The only prior conviction listed in the presentence report that was not too old for purposes of computing Jones' criminal history category was the 12-month sentence Jones served in state prison. *See* J.A. at 45 (PSR at 12). However, this offense was not assigned any criminal history points because the underlying conduct was considered conduct that is part of the instant offense. *See* J.A. at 46 (PSR at 13) (citing U.S.S.G. § 4A1.2(a)(1)).

punishment for the offense," *id.* § 3553(a)(2)(A); *see* J.A. at 27 (Tr. of Sentencing Hr'g at 7) (stating that Jones "deserves to be punished").

Given Jones' criminal history, "it was reasonable for the district court to place substantial weight on [this factor] in reaching its sentencing determination." *Webb,* 403 F.3d at 384 (finding that the district judge was understandably troubled by the defendant's lengthy criminal history). In fact, after his first federal conviction in 1967, Jones absconded from probation, changed his name to Wayne Thomas Hudson, and adopted a false date of birth and social security number. J.A. at 40, 43 (PSR at 7, 10). In addition to adopting the name Wayne Thomas Hudson and the accompanying identifiers, all of which were fictitious, Jones used the non-fictitious date of birth and social security number of Orville Wayne Hudson to commit the instant offense. J.A. at 39-40 (PSR at 6-7); *see also* Appellant's Br. at 3 (stating that Orville Wayne Hudson and Wayne T. Hudson are different people).

The district court also considered Jones' physical condition, 18 U.S.C. § 3553(a)(5); U.S.S.G. § 5H1.4, in arriving at the appropriate sentence.[7] Furthermore, the district court considered "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7), and determined that restitution could be made before, during and after incarceration. J.A. at 29 (Tr. of Sentencing Hr'g at 9). In discussing Jones' inability to pay a fine, the court took into account "the kinds of sentences available," *see* 18 U.S.C. § 3553(a)(3); J.A. at 29-30 (Tr. of Sentencing Hr'g at 9-10); *Leonard Williams,* 436 F.3d at 708 (finding that the district court, in discussing the defendant's inability to pay a fine, addressed "the kinds of sentences available"), and, in requiring Jones to undergo mental health treatment while on supervised release, the district court considered "the need for the sentence imposed . . . to provide the defendant with . . . correctional treatment in the most effective manner," 18 U.S.C. § 3553(a)(2)(D).

The dissent contends that because the district court did not explain its rejection of Jones' argument for a reduced sentence, Jones' sentence cannot be meaningfully reviewed. We disagree. The district court complied with this Court's holding in *United States v. Richardson,* 437 F.3d 550, 554 (6th Cir. 2006), that a sentencing judge must explain to the parties and the reviewing court its reasons for imposing a particular sentence.

The sentencing regime that the U.S. Supreme Court created in *United States v. Booker,* 543 U.S. 220 (2005), places the responsibility for sentencing in the hands of the district judge, who must consult the Guidelines and adhere to the factors set forth in 18 U.S.C. § 3553(a). While this Court reviews a sentence for both procedural and substantive reasonableness, *McBride,* 434 F.3d at 476 n.3; *Webb,* 403 F.3d at 383, a sentence within the applicable Guidelines range should not lose its presumption of reasonableness whenever a district judge does not explicitly address every defense argument for a below-Guidelines sentence. Otherwise, the procedural reasonableness review will become appellate micromanaging of the sentencing process.

The district court considered the applicable Guidelines range, the factors identified in § 3553(a), and articulated its reasons for the sentence imposed. Given that the applicability of U.S.S.G. § 5K2.23 was articulated in the presentence report and defense counsel twice informed the district court that Jones had already served a twelve-month sentence in state court for the same conduct, we find that the district court was aware of Jones' previous state sentence but nevertheless

---

[7]The Guidelines discourage courts from considering a defendant's physical condition in determining whether a departure may be warranted. *See* U.S.S.G. § 5H1.4. We need not decide whether the district court improperly considered Jones' health pursuant to § 5H1.4 because that provision applies to downward departures. Here, the district court did not rely on Jones' medical condition as a basis to depart downward; rather, this factor was considered by the district court as a basis not to depart upward. *See also Jackson,* 408 F.3d at 305 n.3 (addressing the district court's decision to grant a downward departure); *United States v. Briceno,* 136 F. App'x 856, 857-59 (6th Cir. 2005) (unpublished) (same).

sentenced him to twelve months of imprisonment in light of the gravity of the offense and his extensive criminal history. Accordingly, we find that Jones' sentence is not unreasonable "with regard to the length, the factors considered, or the procedures employed by the district court [in reaching its sentencing determination]," *Webb,* 403 F.3d at 385, and we affirm the sentence of the district court.

———————

## DISSENT

———————

KAREN NELSON MOORE, Circuit Judge, dissenting.  I agree with the majority's conclusion that we must review Jones's overall sentence for reasonableness.  However, because the district court's failure to explain why it rejected Jones's argument seeking a lower sentence under a relevant 18 U.S.C. § 3553(a) factor flies in the face of this court's precedents and makes the sentence impossible properly to review, I cannot find Jones's sentence reasonable.  Accordingly, I respectfully dissent.

After *United States v. Booker*, 543 U.S. 220 (2005), this court reviews a sentence for both procedural and substantive reasonableness.  *United States v. McBride*, 434 F.3d 470, 476 n.3 (6th Cir. 2006); *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005).  Although procedural reasonableness does not require the district court to cite each § 3553(a) factor in arriving at a sentence, *McBride*, 434 F.3d at 476 n.3, it does require, as this court has held and the majority recognizes, that the district court "consider the advisory Guidelines range and *all relevant factors identified in 18 U.S.C. § 3553(a).*"  Majority Opinion ("Maj. Op.") at 4 (emphasis added); *accord United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006); *United States v. Richardson*, 437 F.3d 550, 553-54 (6th Cir. 2006); *United States v. Jackson*, 408 F.3d 301, 305 (6th Cir. 2005); *Webb*, 403 F.3d at 383.  The presumption of reasonableness afforded to sentences within the advisory Guidelines range, *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006), does not relieve the district court of its duty "to explain to the parties and the reviewing court its reasons for imposing a particular sentence."  *Richardson*, 437 F.3d at 554.  The presumption is rebutted where the district court fails to articulate its rationale in a way that permits meaningful appellate review.  This court has held that meaningful reasonableness review requires that "[w]here a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it."  *Id.* at 554; *accord Foreman*, 436 F.3d at 644 (explaining that a sentence within the Guidelines range carries no presumption of reasonableness where the record does not reflect that the court considered "all of the relevant section 3553(a) factors"); *Jackson*, 408 F.3d at 305 (stating that procedural reasonableness requires "reference to the applicable Guidelines provisions").

In this case, Jones clearly argued that he was entitled to a reduction in his sentence because he had already served a one-year sentence for the same conduct at issue in the instant case.  The presentence investigation report ("PSR") also discusses the applicability of the policy statement found at U.S. SENTENCING GUIDELINES MANUAL ("USSG") § 5K2.23, which advises courts that they can, when certain circumstances are met, depart downwards for sentences already served based on the same conduct.[1]  The district court must consider relevant policy statements in its sentencing

———————

[1] It is not clear that Jones was eligible for a reduction in his sentence under USSG § 5K2.23.  The PSR indicates that Jones's state conviction and sentence would have been considered sufficiently similar conduct under USSG § 5K2.23.  The PSR specifically noted that Jones did not receive any criminal history points for his receiving stolen property conviction because it "is considered conduct which is part of the instant offense."  Joint Appendix at 46 (PSR at 13).  The government did not object to this statement in the PSR.  Regardless of whether the policy statement applied, both Jones and the PSR reasonably raised the issue of his time already served as applicable to his sentence, and thus the district court was obligated to consider it and explain the court's assessment as to why it did or did not apply.  *See Richardson*, 437 F.3d at 554.  *Richardson* makes clear that the duty of the district court to explain its determination of a defendant's argument for a reduced sentence applies equally where the district court ultimately rejects the defendant's argument.  *Id.*  Moreover, even if USSG § 5K2.23 was not applicable, Jones's already-served prison time for the same conduct should have been considered, as the majority acknowledges, as part of the assessment of other § 3553(a) factors, including the need for the sentence to impose a "just punishment," 18 U.S.C. § 3553(a)(2)(A), and the need for the sentence to provide "adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B).  *See* Maj. Op. at 4 n.5.

determinations under 18 U.S.C. § 3553(a)(5). *United States v. Williams*, 432 F.3d 621, 623-24 (6th Cir. 2005); *United States v. Kirby*, 418 F.3d 621, 626 (6th Cir. 2005). Under the mandates of procedural reasonableness, the district court was obligated to demonstrate that it considered, as directed by 18 U.S.C. § 3553(a)(5) and USSG § 5K2.23, the fact that Jones had already served a one-year sentence for the same conduct at issue here.**2** That the district court has failed to do. Despite the facts that Jones raised the issue of his time already served for the same conduct and that the PSR discussed the potential applicability of USSG § 5K2.23, the district court made no mention of them and provided no indication that it had considered either the policy statement or the time already served.

The majority incorrectly asserts that the district court complied with the standards for procedural reasonableness set forth in *Richardson*, 437 F.3d at 554, because the district court "explain[ed] to the parties and the reviewing court its reasons for imposing a particular sentence." Maj. Op. at 5. *Richardson* certainly requires this, but it also requires more, namely that "[w]here a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it." 437 F.3d at 554. Although the majority may believe that "a sentence within the applicable Guidelines range should not lose its presumption of reasonableness whenever a district judge does not explicitly address every defense argument for a below-Guidelines sentence," Maj. Op. at 5, this panel is not at liberty to contradict the law of this circuit as previously decided by a unanimous panel of this court in *Richardson*. *See* 6TH CIR. R. 206(c) (directing that "[r]eported panel opinions are binding on subsequent panels").

Perhaps recognizing that it cannot merely ignore *Richardson*'s conclusion that a sentence is unreasonable if the district court fails to consider a defendant's argument seeking a lower sentence or explain its basis for rejecting such an argument, the majority somehow "find[s]" that the district court "was aware of Jones' previous state sentence but nevertheless sentenced him to twelve months of imprisonment in light of the gravity of the offense and his extensive criminal history," based on the fact that "the applicability of U.S.S.G. § 5K2.23 was articulated in the presentence report and defense counsel twice informed the district court. . . ." Maj. Op. at 5-6. However, the majority's speculation regarding the district judge's consideration of this factor also directly contradicts *Richardson*, which requires that for a sentence to be procedurally reasonable, "the *record must reflect both* that the district judge *considered* the defendant's argument and that the judge *explained the basis for rejecting it*." 437 F.3d at 554 (emphases added). A sentencing court has not met this obligation where this court must guess as to what the court below did or did not consider. Rather, there must be "sufficient evidence in the record *to affirmatively demonstrate* the court's consideration" of the relevant § 3553(a) factors. *McBride*, 434 F.3d at 476 n.3; *accord Foreman*, 436 F.3d at 644 (explaining that the sentencing court's consideration of "all of the relevant section 3553(a) factors" must be "clear from the record"). Where the district judge fails "to explicitly

---

I now turn to a brief note on terminology. Our court has previously explained that departures based on Chapter 5 of the Guidelines should be referred to as "Guideline departures," and that "sentences lower than the Guidelines recommendation based on *section 3553(a)* factors" can be referred to as "Non-Guideline departures." *McBride*, 434 F.3d at 477 n.5. Several of our sister circuits reserve the term "departure" for traditional Chapter 5 departures, and refer to "Non-Guideline departures" as "variances." *See, e.g.*, *United States v. Hampton*, --- F.3d ---, No. 05-4224, 2006 WL 724811, at *2 (4th Cir. Mar. 23, 2006); *United States v. Gatewood*, 438 F.3d 894, 896-97 (8th Cir. 2006). The term "variance" is useful in clearly distinguishing traditional departures from sentences that fall below the Guidelines based on the district court's discretion in applying the § 3553(a) factors.

**2**The majority notes that Jones specifically sought probation and that probation was not available to him because of the type of crime of which he was convicted and the fact that he had been sentenced to imprisonment for another offense. Maj. Op. at 2 n.3. Whether Jones was eligible for probation does not affect this court's review of the sentence because Jones remained eligible to receive a lesser sentence short of probation under the advisory Guidelines, and thus consideration of the USSG § 5K2.23 policy statement was relevant.

consider" these factors, there must be "other evidence in the record demonstrating that they were thoroughly considered by the district court." *McBride*, 434 F.3d at 476 n.3. Neither the Government nor the majority can point to any such evidence. Indeed, the majority's conjectural "find[ing]" makes plain that the record neither "affirmatively demonstrate[s],"*McBride*, 434 F.3d at 476 n.3, nor makes "clear," *Foreman*, 436 F.3d at 644, that the district court even considered Jones's state sentence, let alone explained its reasons for rejecting his argument on this ground. The majority's conclusion to the contrary is pure speculation in contravention of *Richardson*, *Foreman*, and *McBride*.

Due to the district court's failure to explain its consideration and rejection of Jones's argument in support of a reduced sentence, Jones's sentence cannot be meaningfully reviewed. I would therefore vacate Jones's sentence and remand for resentencing. I respectfully dissent.