NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0320n.06
Filed: May 8, 2007

Case No. 04-6208

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| ERICK D. WILLIAMS, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| | ) | |

BEFORE:  BATCHELDER, MOORE, Circuit Judges; and COHN, District Judge.*

ALICE M. BATCHELDER, Circuit Judge.  On June 24, 2004, Defendant-Appellant,
Erick Williams ("Williams"), pleaded guilty to one count of conspiracy to possess with intent to
distribute cocaine and cocaine base in violation of 21 U.S.C. § 846.  The Presentence Report
("PSR") calculated Williams's sentence under the then-mandatory Sentencing Guidelines, and
recommended a total offense level of 33, a Criminal History Category II, and a sentencing range of
151 to 188 months.  Pursuant to Williams's plea agreement, however, the Government recommended
that the relevant conduct be limited to 2 to 3.5 kilograms of cocaine, resulting in a base offense level
of 28.  The Guidelines and the Government also recommended a two level enhancement for

_____

*The Honorable Avern L. Cohn, United States District Judge for the Eastern District of Michigan, sitting by
designation.

possession of a firearm and a three level reduction for acceptance of responsibility, resulting in a total offense level of 27 and a sentencing range of 78 to 97 months.

On September 23, 2004, the district court accepted the Government's recommendation and sentenced Williams to 78 months' imprisonment followed by four years of supervised release, the lowest sentence under the then-mandatory Guidelines. The district court also imposed an identical alternative sentence at the conclusion of the sentencing hearing, stating that "if another court is going to review this, as an alternative to the sentencing under the guidelines and merely using the guidelines as an assistive device to determine the sentence . . . the court is also going to impose a sentence of 78 months in this matter . . . ." The court did not elaborate on its reason for imposing the 78 month sentence either under the Guidelines or in treating them as "an assistive device."

## I.

The events underlying Williams's sentence are undisputed. In 2003, law enforcement officers wiretapped a telephone used by Reginald Pullen. Monitored conversations revealed that Pullen was the source of a cocaine network of Memphis area drug dealers and that Erick Williams assisted Pullen. Witnesses later confirmed that Pullen directed drug customers to Williams when Pullen was unavailable.

On July 30, 2003, Pullen arranged a cocaine delivery to James Tunstall. Prior to speaking with Tunstall, Pullen spoke with Williams, and Williams asked Pullen if he should bring "all of it," or the "2 ½," and Pullen asked him to bring "the 2 ½," an apparent reference to a quantity of drugs. On August 1, 2003, Shelby County sheriffs executed a search warrant at 4474 Hodge, in Memphis, Tennessee, and arrested James Tunstall and his son Rodney Tunstall. Officers recovered substantial quantities of powder and crack cocaine. On September 30, 2003, pursuant to a search warrant,

officers searched Williams's residence at 867 North McLean, Memphis, where they found evidence of drug distribution activity, including traces of cocaine, a small amount of crack cocain, marijuana, and a pistol.

## II.

Williams argues that his pre-*Booker* sentence should be vacated and remanded for resentencing under the now-advisory Sentencing Guidelines framework. We agree.

The Government contends that remand is unnecessary because the district court issued an identical alternative sentence in anticipation of the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005). In *United States v. Christopher*, 415 F.3d 590, 593 (6th Cir. 2005), we stated that "when a district court imposes alternative, identical sentences, one under a regime in which Guideline enhancements are not mandatory, the harmlessness of any *Booker* error is established." We reiterated this position in *United States v. McBride*, 434 F.3d 470, 473 (6th Cir. 2006), noting "that when a district court articulates an identical alternative sentence in addition to a sentence under the guidelines, the harmlessness of the *Booker* error is established. Because the district court articulated an identical alternative sentence, the *Booker* error is harmless."

*McBride* provided, however, that "[e]ven though a *Booker* violation is rendered harmless by a district court's articulation of an identical alternate sentence, this Court must still determine if that alternate sentence is reasonable." *Id*. Accordingly, we review Williams's sentence for reasonableness. *See United States v. Jones*, 445 F.3d 865, 869 (6th Cir. 2006).

In reviewing a defendant's sentence for reasonableness under the post-*Booker* framework, we look to the district court's consideration of the sentencing factors listed in 18 U.S.C. § 3553(a). *Id*. Although we have held that "there is no requirement that the district court engage in a ritualistic

incantation of the § 3553(a) factors it considers," *United States v. Chandler*, 419 F.3d 484, 488 (*quoting United States v. Washington*, 147 F.3d 490, 491-92 (6th Cir. 1998)) (internal citations and quotation marks omitted), we have also explained that "the district court's opinion should be sufficiently detailed to reflect the considerations listed in § 3553(a)." *McBride*, 434 F.3d at 474. We therefore require the district court to "articulate the reasons for the particular sentence imposed in order to enable this Court to engage in a meaningful reasonableness review of the sentence." *Jones*, 445 F.3d at 869.

In the instant case, despite issuing an identical alternative sentence in anticipation of *Booker*, the district court failed to articulate any of its reasoning for the sentence. In imposing its alternative sentence, the district court considered only the amount of drugs distributed, and used the Sentencing Guidelines for assistance, but offered no indication that it had considered any of the § 3553(a) sentencing factors. The record and the district court's discussion of Williams's sentence lack any analysis that would permit a meaningful reasonableness review of the sentence. *Jones*, 445 F.3d at 869.

For the foregoing reasons, we **VACATE** Williams's sentence and remand this matter to the district court for resentencing.