NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0396n.06

No. 13-1763

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | May 30, 2014 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| SHAWN PEAKE-WRIGHT | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: DAUGHTREY, SUTTON, and DONALD, Circuit Judges.

MARTHA CRAIG DAUGHTREY, Circuit Judge. Shawn Peake-Wright pleaded guilty to being a felon in possession of a firearm, and the district court sentenced him to prison for a within-Guidelines term of 102 months. He now appeals the substantive reasonableness of his sentence, arguing that the district court erred in sentencing him toward the higher end of the applicable Sentencing Guidelines range. Specifically, he claims that the district court placed too much weight on his criminal history; that the record does not support the district court's conclusion that Peake-Wright is a danger to society; and that the district court failed to consider the fact that his criminal history barely placed him in Category VI. We affirm the sentence.

Shawn Peake-Wright was paroled from a Michigan state prison in July 2012 after serving four years of a two-to-ten-year sentence for possession of methamphetamine. He was arrested three months later on a parole violation and detained in the county jail in Kalamazoo, where he made a number of phone calls to family members and friends. At the time, detectives were investigating the then-recent murder of Peake-Wright's brother, Jheryl Wright, and believed Peake-Wright had information about the murder. Thus, detectives began listening to recordings of some of Peake-Wright's jailhouse phone calls.

During the calls, Peake-Wright repeatedly referred to an unspecified item in his home that, if found, might result in a lengthy prison sentence for him. He was concerned that his parole officer would search the home, which he shared with Sikei Meachama Clark, his long-time girlfriend and the mother of five of his six children, and find the item. During one phone call, Peake-Wright arranged for his brother, Adriean Peake-Wright, to drive to the house and pick up the item.

On the basis of this information, Kalamazoo police officers believed there was a gun in Peake-Wright's home. They contacted Clark and arranged to meet her at the house. After the officers arrived, Clark consented to a search of the house and ultimately led the officers to the .22 caliber revolver that was in the closet of her bedroom, rolled up in a pair of men's jean shorts. Peake-Wright maintains that Jheryl left the gun at his house shortly before Jheryl was murdered, and that he (Peake-Wright) never intended to possess the weapon.

On the basis of these facts, Peake-Wright pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court conducted a sentencing hearing on May 20, 2013. In determining an appropriate sentence, the district judge expressly

considered the following factors: the defendant's upbringing, specifically his difficult childhood; his efforts to make productive use of his time while awaiting sentencing by enrolling in religious education courses; and his supportive family, many of whom attended the sentencing hearing. The district court acknowledged Peake-Wright's decision to cooperate with the prosecution, for which Peake-Wright received a one-level downward departure, and the fact that the felon-in-possession charge did not allege that Peake-Wright misused the gun, except by possessing it. The district court recognized the need for Peake-Wright to learn job skills and receive correctional treatment while incarcerated, recommending that the defendant have opportunities to enroll in vocational and other educational courses, undergo a mental health evaluation, and receive counseling.

The district court also considered the fact that the instant offense occurred just two or three months after Peake-Wright was released from prison and was part of a "pattern" of parole violations evidencing disrespect for the law. The district court observed that Peake-Wright had not adapted "well while at liberty, and ha[d] proven himself to get into more hot water after" he was released from prison, leading the district court to conclude that he was a "danger" and a "risk to the public." The district court also took into account Congress's determination that possession of a firearm by a felon should be "treated very seriously"; the court's own observation that "more often than we would like to tolerate, felons use firearms in ways that are destructive"; and defense counsel's arguments for a downward variance. The district court then imposed a sentence of 102 months' imprisonment, a term that is within the applicable Guidelines range of 84-105 months.

Peake-Wright now appeals his sentence, arguing that it was substantively unreasonable because the district court placed too much emphasis on the need to protect the public; that the record does not support the district court's finding that Peake-Wright is a danger to society; and that the district court failed to consider the fact that Peake-Wright's criminal history only narrowly fit within Category VI.

We review the reasonableness of a defendant's sentence for abuse-of-discretion, *Gall v. United States*, 552 U.S. 38, 40 (2007), and apply a rebuttable "presumption of reasonableness for within-guidelines sentences." *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (*en banc*). Although reasonableness has both substantive and procedural components, *Gall*, 552 U.S. at 51, here, Peake-Wright challenges only the substantive reasonableness of his sentence. "[A] sentence may be substantively unreasonable when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors[,] or gives an unreasonable amount of weight to any pertinent factor." *United States v. Borho*, 485 F.3d 904, 908 (6th Cir. 2007). A sentence also may be substantively unreasonable if its length is "'greater than necessary to comply with the purposes' of sentencing set forth in 18 U.S.C. § 3553(a)." *Vonner*, 516 F.3d at 391 (quoting 18 U.S.C. § 3553(a)). Among the § 3553(a) factors that a district court should consider "are the seriousness of the offense" and the need to "deter[] [] future crimes, protect[] [] the public from future crimes of the defendant, and provid[e] the defendant with needed training or correctional treatment." *United States v. Collington*, 461 F.3d 805, 807 (6th Cir. 2006) (citing 18 U.S.C. § 3553(a)(2)). The sentencing judge "should also consider the nature and circumstances of the offense, the characteristics of the defendant, the kinds of sentences available, the sentencing Guidelines range, policy statements from the Sentencing Commission, the need to avoid sentencing

disparities, and the need to provide restitution to the victims." *Id.* at 807 n.1 (citing 18 U.S.C. § 3553(a)(1), (3)-(7)). In this case, the district court chose a substantively reasonable sentence and adequately explained his reasons for the sentence.

The defendant argues (1) that the district court placed too much weight on a single factor – the need to protect the public, and (2) that his criminal history cannot support a finding that he is dangerous. We disagree.

A sentence may indeed be substantively unreasonable if a district court places too much weight on any one factor. *Borho*, 485 F.3d at 908. In this case, however, in settling on a sentence of 102 months' imprisonment the district court considered many of the § 3553(a) factors, including — but not exclusively — the need to protect the public. Tellingly, in his brief on appeal, the defendant focuses on explaining why his criminal history is not as bad as his criminal history category would suggest but provides no support for his argument that his criminal history had an outsized influence on the judge's decision. Moreover, to the extent the district court relied on Peake-Wright's criminal history at all, it did so primarily to demonstrate Peake-Wright's apparent lack of respect for the law and his inability to conform his conduct to the law while under post-release supervision and to support its conclusion that the sentence imposed should be long enough to deter Peake-Wright from reoffending. The district judge noted that Peake-Wright had engaged in a pattern of recidivism following his release from prison, listed some of his parole violations over the years, and stated, "[U]nfortunately, I don't see much learning process here by Mr. Peake-Wright over the course of his adult life." Thus, the record shows that the district court did not place too much weight on the need to protect the public but, rather, addressed numerous relevant factors and chose a sentence it considered likely

to deter Peake-Wright from reoffending, deter other individuals from committing the same offense, account for Congress's assessment that felon-in-possession is a serious crime, *and* protect the public from the defendant.

Peake-Wright also argues unconvincingly that his sentence was substantively unreasonable because the district court had no basis for concluding that he was a danger to society in light of the fact that his criminal history consists primarily of minor drug and traffic offenses. A sentence may be substantively unreasonable if the district court bases it on an impermissible factor. *Borho*, 485 F.3d at 908. Here, however, the record provides ample support for the district court's conclusion that the defendant is a danger to society. Defendant's adult criminal history includes convictions for attempted assault in 2003; malicious destruction of property in 2006; and assault and battery in 2008. Additionally, Peake-Wright resisted arrest by fleeing from police on at least three occasions: in 2005, 2006, and 2008.

Although the most recent of his violent offenses – his assault and battery arrest in July 2008 (for which he was convicted in October 2008) – occurred almost five years before his sentencing in this case (May 2013), he was incarcerated for nearly four of those years (between November 2008 and July 2012), making the absence of charges during that period of time unremarkable. Additionally, his July 2008 assault-and-battery arrest occurred during his prosecution for possession of methamphetamine and disorderly conduct in a different court. The fact that Peake-Wright continued to accrue charges while he had open cases evinces his disrespect for the law. To be sure, there are individuals with more violent criminal histories than Peake-Wright's, and the conduct associated with the instant offense did involve mere possession – and not the actual use – of a firearm. Still, the district court's conclusion that the defendant

was likely to reoffend was not unreasonable and, therefore, the district judge acted appropriately in considering it.

The defendant next argues that his sentence was substantively unreasonable because the district court failed to consider the fact that his criminal history only narrowly fit into criminal history category VI. A sentence may be substantively unreasonable if the district court ignores a pertinent § 3553(a) factor. *Borho*, 485 F.3d at 908. However, as long as the district court provided an adequate explanation for the particular sentence it imposed, it need not "give the reasons for rejecting any and all arguments by the parties for alternative sentences." *Vonner*, 516 F.3d at 387; *Collington*, 461 F.3d at 809 ("[A] reasonable sentence based on consideration of the [§ 3553(a)] factors does not require a rote listing."); *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006) (holding that a sentencing judge is not required "to discuss every argument made by a litigant"). Thus, even if, as the defendant claims, the district court failed to mention his argument about his criminal history category, we may still uphold the sentence because "the sentencing judge [] explain[ed] to the parties and the reviewing court its reasons for imposing the sentence." *United States v. Jones*, 445 F.3d 865, 871 (6th Cir. 2006).

In this case, moreover, the district court *did* address the defendant's argument on this point, at least implicitly. The defendant requested a downward variance, arguing in a written motion and then orally at the sentencing hearing that his criminal history category overstated his criminal history. The district court acknowledged this argument at the sentencing hearing and rejected it, stating that "none of the items that [defense counsel] brought to [the court's] attention in her motion for a variance would militate towards a variance downward." The court's failure

to explicitly name one of defendant's arguments cannot render the sentence unreasonable, especially where the record clearly shows that the district court considered it.

For the reasons set out above, we AFFIRM the district court's judgment.