NOT RECOMMENDED FOR PUBLICATION
File Name: 18a0040n.06

No. 17-5442

FILED
Jan 22, 2018
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff - Appellee | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JOSEPH DAVID MARTIN, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| Defendant - Appellant. | ) | |
| | ) | |
| | ) | |

**BEFORE: GIBBONS, WHITE, and STRANCH, Circuit Judges.**

**HELENE N. WHITE, Circuit Judge**.   After a jury trial, Defendant Joseph David Martin was convicted of using, persuading, inducing, enticing, or coercing a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct, receipt of such visual depictions, and possession of such depictions.  The district court sentenced Martin to a below-guidelines sentence of 414 months' imprisonment.  Martin now appeals, arguing that the sentence is unreasonable.  We **AFFIRM**.

**I.**

In October 2011, Martin confessed to his pastor, and later to police, that he had engaged in a sexual relationship with his minor stepdaughter.  The stepdaughter told police that Martin began having sexual intercourse with her when she was thirteen years old.  She also stated that

Martin had videotaped them having sexual intercourse. Subsequent forensic examination of Martin's computer revealed 2,060 images and forty-six videos depicting child pornography.

On September 3, 2015, a federal grand jury indicted Martin on one count of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a); one count of receipt of visual depictions of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2); and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4). After a jury trial, Martin was found guilty on all counts.

The Presentence Investigation Report, to which neither party objected, calculated a guidelines sentence of 720 months. Martin requested that the district court impose a 240-month sentence. After hearing argument from both the Government and defense, the district court considered the nature and circumstances of the offense, Martin's history and characteristics, including his age, and Martin's lack of remorse. Based on those factors, the district court sentenced Martin below the guidelines to 480 months' imprisonment, allowing credit for 66 months in state custody on related charges, and a life term of supervised release. Martin now appeals, arguing that the district court's downward variance from the recommended guidelines sentence is unreasonable because the resulting sentence is still unreasonably long.

## II.

Our "review of sentencing decisions is limited to determining whether they are 'reasonable.'" *Gall v. United States*, 552 U.S. 38, 46 (2007). We review the reasonableness of a sentence under a deferential abuse of discretion standard, which encompasses two components: procedural review and substantive review. *United States v. Jones*, 445 F.3d 865, 869 (6th Cir. 2006). Martin argues only that his sentence is substantively unreasonable. (Appellant's Br. at 12.)

A sentence may be considered substantively unreasonable when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent 18 U.S.C. § 3553(a) factors, or gives an unreasonable amount of weight to any pertinent factor. *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005).

Martin, who was forty-three years old at sentencing, argues that his 414-month sentence is substantively unreasonable because it "takes him to the edge of his life expectancy" and thus "is greater than necessary to achieve the goals of sentencing." (Appellant's Br. at 11, 13.) He argues that a sentence of 240 months, for which he advocated at the sentencing hearing, "is . . . sufficient . . . to protect and promote the public and penological interests attendant to sentencing and is enough time to allow Martin to complete necessary programming and actually have a chance at putting that programming to work for the benefit of himself and society." (*Id.* at 12.) He cites the United States Sentencing Commission as observing that "[r]ecidivism rates decline relatively consistently as age increases." (*Id.* at 14. (citation omitted).) Thus, Martin contests the substantive reasonableness of his 414-month sentence by arguing that the district court failed to give sufficient weight to his "age and his likelihood to re-offend." (*Id.* at 14-15.)

Martin's argument fails. Nothing in the record suggests that his sentence is substantively unreasonable. The district court clearly articulated well-reasoned concerns about the seriousness of the crime and the need for deterrence, did not accord an unreasonable amount of weight to any pertinent factor, and did not select the sentence arbitrarily or based on impermissible factors.

Importantly, the district court expressly acknowledged and considered Martin's age when determining his sentence.[1] Moreover, we accord a presumption of reasonableness to within-

---

[1] The district court stated:

[T]he recommendation I have in front of me is really a life sentence. There are kind of some technical reasons why we don't call it a life sentence, but the recommendation in front of me when you're at an offense level of 43, even a Category of I, if you were to run those sentences

guidelines sentences, *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc), and that presumption is at least as strong where a defendant receives a below-guidelines sentence, *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008). Here, Martin's contention that his age deserves greater weight and mandates a further reduction fails to overcome the presumption of reasonableness. *See United States v. Wolcott*, 483 F. App'x 980, 989 (6th Cir. 2012) (rejecting a defendant's argument that the district court imposed "a de facto life sentence" and stating that "[a]lthough [the defendant] may have wanted the district court to show even greater leniency based on his age and health, the court's decision not to do so does not render the sentence unreasonable"); *United States v. Jackson*, 466 F.3d 537, 540 (6th Cir. 2006) ("It appears that Jackson is simply unhappy with his [60-month] sentence, despite the fact that it is lower than the statutory maximum (120 months) and the applicable Guidelines range (84–105 months). The fact that the district court did not give the defendant the exact sentence he sought is not a cognizable basis to appeal, particularly where the district court followed the mandate of section 3553(a) in all relevant respects."). We therefore find no abuse of sentencing discretion.

**III.**

Based on the foregoing reasoning, we AFFIRM Martin's sentence.

---

consecutively, that's 720 months. That's a life sentence. That means you'll not have your liberty restored to you ever again. Even if I give you credit, as you may deserve, for time you've already served, that's, in essence, a life sentence. In theory it might not be, but in all likelihood, it would be. So that's the choice I have on one hand, or do I impose a sentence that perhaps give you some hope of having your liberty restored to you, even though you'll be an elderly person when that occurs.

\*\*\*

I'm going to impose a sentence that at least has the possibility that as an elderly person, you'll have the opportunity to be released back in the community.

(R. 101, PID 1747; 1752–53 (formatting altered).) In imposing the sentence, the district court also acknowledged that, even "if [the court] was convinced that [Martin's sexual proclivities] is a problem that [Martin has] already addressed, and there would never be any recidivism in the future, there still has to be a punishment; it's part of the debt [Martin] owe[s] society for having engaged in conduct that's so harmful." (*Id.* at 1750.)