*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 05a0176p.06

# UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT

─────────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 04-1538

JOHN ANTHONY DICKSON JOHNSON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Michigan at Marquette.
No. 01-00045—Robert Holmes Bell, Chief District Judge.

Submitted: March 10, 2005

Decided and Filed: April 15, 2005

Before: KENNEDY, MOORE, and SUTTON, Circuit Judges.

─────────────────

### COUNSEL

**ON BRIEF:** Joseph F. Lavey, II, JESSUP & LAVEY, P.C., Marquette, Michigan, for Appellant. Andrew B. Birge, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee.

─────────────────

### OPINION

─────────────────

KENNEDY, Circuit Judge. Defendant John Johnson appeals the district court's sentence imposed on him after he plead guilty to a violation of the terms of his supervised release. Defendant did not object to the sentence at the time of his sentencing. Because the district court did not commit plain error in sentencing Defendant, and because the sentence is neither unreasonable nor plainly unreasonable, we **AFFIRM** the district court.

### BACKGROUND

Defendant John Johnson plead guilty to possessing with intent to distribute multiple pounds of marijuana. The district court sentenced him to thirteen months' imprisonment and three years' supervised release. Defendant finished his prison sentence and began his supervised release in August of 2002. In April of 2004, Defendant plead guilty to two violations of the terms of his supervised release. Defendant tested positive for THC in February of 2004, and he failed to attend required AA/NA meetings. He also falsified documents to hide his failure to attend those meetings.

1

Under the recommended sentencing guidelines and policy statements, Defendant's sentence would have been between four and ten months' incarceration. U.S. SENTENCING GUIDELINES MANUAL § 7B1.4(a). The probation officer recommended six months' incarceration and additional supervised release. The district court sentenced Defendant to eighteen months' imprisonment, followed by a further eighteen months' supervised release.

Before pronouncing sentence, the district court heard from both parties. Counsel for Defendant requested that the court sentence Defendant to a halfway house or in-patient drug treatment center and requested that he be placed in a camp near his ailing mother. The U.S. Government reminded the court about the pattern of abuse that constituted Defendant's violations. The district court indicated that, in its view, Defendant would gain the maximum initial rehabilitative benefit from incarceration. The district court also expressed frustration that the prior period of incarceration "didn't impress" upon Defendant the seriousness of drug offenses. The district court also recommended that Defendant participate in a 500-hour drug treatment program, and it wanted to guarantee that Defendant was incarcerated long enough to gain the full benefit of that program.

After pronouncing sentence, the district court asked Defendant and the government if either party had questions. Neither party raised any concerns, questions, or objections to the sentence. This timely appeal followed. On appeal, Defendant raises two assignments of error. First he argues that the district court failed to consider Chapter Seven of the United States Sentencing Guidelines for revocation of supervised release. Secondly, Defendant argues that his sentence was an abuse of discretion because it was plainly unreasonable.

## ANALYSIS

A.       The district court considered the relevant sentencing factors.

Because Defendant did not object at his sentencing hearing, under Federal Rule of Criminal Procedure 52(b) we may only review his sentence for plain error. FED. R. CRIM. P. 52(b); *United States v. Garcia-Meza*, 315 F.3d 683, 686 (6th Cir. 2003). This court, in interpreting Supreme Court precedent, has held that plain error review is limited in four respects. *United States v. Thomas*, 11 F.3d 620, 629-30 (6th Cir. 1993) (discussing *United States v. Olano*, 507 U.S. 725 (1993)). First, error must occur. *Olano*, 507 U.S. at 732-33; *Thomas*, 11 F.3d at 629. Second, the error must be plain, by which the Supreme Court indicated that "[a]t a minimum, the Court of Appeals cannot correct an error pursuant to Rule 52(b) unless the error is clear under current law." *Olano*, 507 U.S. at 734; *Johnson v. United States*, 520 U.S. 461, 468 (1997) ("[W]here the law at the time of trial was settled and clearly contrary to the law at the time of appeal–it is enough that an error be 'plain' at the time of appellate consideration."); *Thomas*, 11 F.3d at 630. Third, the error must "affect substantial rights," which "in most cases . . . means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings." *Olano,* 507 U.S. at 734; *Thomas*, 11 F.3d at 630. Finally, plain error review is permissive. *Olano*, 507 U.S. at 735-37; *Thomas*, 11 F.3d at 630. Courts, however, must determine whether the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings," *U.S. v. Atkinson*, 297 U.S. 157, 160 (1936), "before it may exercise its discretion to correct the error." *Johnson,* 520 U.S. at 469-70 (internal citations omitted).

We cannot say that the district court committed error, much less a clear error that affected Defendant's substantial rights. This court has held that in sentencing for revocation of supervised release, district courts must sentence in a manner that "reflect[s] consideration of certain factors listed in 18 U.S.C. § 3553. *United States v. Washington*, 147 F.3d 490, 491 (6th Cir. 1998). As in *Washington*, the relevant factors in this case include: "the nature of the offense; the need to deter criminal conduct, to protect the public, and to provide Defendant with appropriate treatment; any

guideline range for sentencing; guideline policy statements; and avoidance of unwarranted disparities." *Id.* (internal quotation marks and citation omitted); 18 U.S.C. §§ 3553(a) and 3583(e).

While we have remanded for re-sentencing in cases where the district court did not provide "at least an indication of its reasons for imposing a sentence that exceed the recommended sentencing range[,]" this case is not one of those cases. *United States v. McClellan*, 164 F.3d 308, 310 (6th Cir. 1999). In this case, as in *Washington*, the district court discussed, at length, its belief that Defendant needed to have impressed on him the severity of his drug offense. The district court also indicated its desire that Defendant be incarcerated long enough to fully participate in a drug rehabilitation program. Additionally, the district court cited its concern with the nature of Defendant's violations, particularly lying to his probation officer and forging the documents to conceal his failure to attend the required AA/NA meetings. Although the district court may not have mentioned all of the statutory factors or the guidelines explicitly, and although explicit mention of those factors may facilitate review, this court has never required the "ritual incantation" of the factors to affirm a sentence. *Washington*, 147 F.3d at 490. The district court committed no error.

B.     Defendant's sentence is neither unreasonable nor plainly unreasonable.

In the past, we have reviewed sentences imposed for revocation of supervised release to see if they were "plainly unreasonable." *Washington*, 147 F.3d at 491; *United States v. Jackson*, 70 F.3d 874, 879 (6th Cir. 1995). This "plainly unreasonable" standard can be found in 18 U.S.C. §§ 3742(a)(4), 3742(b)(4), 3742(e)(4), and 3742(f)(2). 18 U.S.C. § 3742(a) ("A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence- . . .(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable."); 18 U.S.C. § 3742(b) ("The Government may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence- . . . (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable."); 18 U.S.C. § 3742(e)(4) ("Upon review of the record, the court of appeals shall determine whether the sentence . . . was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable."); 18 U.S.C. § 3742(f) ("If the court of appeals determines that . . . (2) . . . the sentence was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable, it shall state specific reasons for its conclusions . . . [set aside the sentence, and remand for further sentencing.]").

Since *Washington* and *Jackson*, however, the Supreme Court has determined that the Federal Sentencing Guidelines are unconstitutional and, in the remedial portion of the Court's opinion, has excised § 3742(e), though not any of the other sections of 3742, from the statute. *See United States v. Booker*, 125 S. Ct. 738, 765 (2005). In the aftermath of *Booker*, at least two courts of appeals have held that *Booker's* removal of § 3742(e) and its establishment of a reasonableness standard of review requires appellate courts–even in revocation of supervised release cases where the imposition of new sentences has always been discretionary–to apply *Booker's* new reasonableness standard instead of the "plainly unreasonable" standard. *United States v. Fleming*, 397 F.3d 95, 97-99 (2nd Cir. 2005); *U.S. v. Cotton*, 399 F.3d 913, 916 (8th Cir. 2005); *U.S. v. Edwards*, 400 F.3d 591, 592-93 (8th Cir. 2005). In the words of the Second Circuit:

> once the Court in its Remedy Opinion excised section 3742(e), which included 3742(e)(4)'s standard of "plainly unreasonable" for review of a sentence for which there is no guideline, the Court is fairly understood as requiring that its announced standard of reasonableness now be applied not only to review of sentences for which there are guidelines but also to review of sentences for which there are no applicable guidelines.

*Fleming*, 397 F.3d at 99.

While the Second Circuit's interpretation properly attempts to account for the excision of § 3742(e), it fails to account for the fact that *Booker* left sections 3742(a), 3742(b), and 3742(f) on the books, and it fails to account for the fact that (at least as far as our Circuit is concerned) our cases have relied upon both sections 3742(a)(4) and 3742(e)(4) in applying a "plainly unreasonable" standard. *See Washington*, 147 F.3d at 491. While section 3742(e), the standard of review section of the statute, may be gone, sections 3742(a) and 3742(b), which remain, still say that an appeal may not be brought unless the sentence is "plainly unreasonable," and section 3742(f) directs courts to invalidate a "sentence . . . imposed for an offense for which there is no applicable sentencing guideline and [if the sentence] is plainly unreasonable." These sections, by themselves, give us pause about accepting the Second Circuit's approach, as does the fact that we are not dealing with the traditional *Booker* problem (mandatory Sentencing Guidelines), but with a form of sentencing (resentencing after violations of supervised release) that was discretionary before *Booker* and is discretionary after it.

At all events, we need not decide today whether to adopt the Second Circuit's standard. Whether we apply a "reasonableness" standard of review or a "plainly unreasonable" standard, no error occurred. The district court determined that Defendant violated several terms of his supervised release, forged documents to cover his violations, and lied to his probation officer. We cannot say that the district court's view of the severity of Defendant's offenses was unreasonable, nor can we say that the district court was wrong to consider the need to impress upon Defendant the seriousness of those violations by sentencing him above the guideline range. Finally, the district court's desire to give Defendant a sentence to help him gain the maximum benefit of a drug treatment program was not unreasonable. Thus, in this case, Defendant's sentence was neither unreasonable nor plainly unreasonable.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the sentence of the district court.