NOT RECOMMENDED FOR PUBLICATION
File Name: 05a0926n.06
Filed: November 21, 2005

No. 05-5159

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.                                                                  On Appeal from the United
                                                                    States District Court for the Eastern
SELENA PARKS,                                                       District of Tennessee

      Defendant-Appellant.

_____/

BEFORE:    RYAN, GILMAN, and COOK, Circuit Judges.

      RYAN, Circuit Judge.      The defendant, Selena Parks, appeals her sentence of 12 months' imprisonment for conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). She argues that the district court abused its discretion in determining her sentence by explicitly observing that Parks could have been charged with a more serious offense. We reject Parks's argument and **AFFIRM** the district court's sentence.

**I.**

      On October 14, 2004, Parks pleaded guilty to conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). In her written plea agreement, she stipulated that, at the time of her arrest on August 22, 2003, she and a codefendant were driving a rental car from Knoxville, Tennessee, to Atlanta, Georgia, and they were transporting $29,647 in cash derived from drug trafficking. They planned to use the money to purchase one kilogram of cocaine from another codefendant after they arrived in Atlanta. At the

sentencing hearing, the district court and the parties acknowledged that the Sentencing Guidelines were merely advisory and that the applicable Guidelines range was 21 to 27 months. The government recommended a 23.8% downward departure from the lowest end of the Guidelines range, or a sentence of 16 months' imprisonment. Nevertheless, Parks requested probation. The court denied the request and observed that, while Parks was an intelligent, hardworking woman with two children, she could have been charged with a more serious drug conspiracy offense. The district court then imposed a sentence of 12 months' imprisonment and explained to Parks that a prison sentence was necessary to punish her and to give her an opportunity to rehabilitate herself under proper guidance. The court then asked whether either party had any objections to the sentence that had not been raised previously, and Parks's counsel stated that she did not.

## II.

Parks now argues that the district court abused its discretion by imposing a sentence which took into account that she could have been facing a charge for a drug conspiracy offense. She claims there is no support in the record for the district court's belief that she was guilty of conduct warranting a drug conspiracy charge.

We review Parks's sentence for plain error because she did not raise an objection to the sentence after the district court gave her an opportunity to do so. Fed. R. Crim. P. 52(b); United States v. Johnson, 403 F.3d 813, 815 (6th Cir. 2005). "'A "plain error" is an error that is clear or obvious, and if it affects substantial rights, it may be noticed by an appellate court.'" United States v. Bostic, 371 F.3d 865, 873 (6th Cir. 2004) (quoting United States v. Barajas-Nunez, 91 F.3d 826, 830 (6th Cir. 1996)).

**III.**

In determining an appropriate sentence, a judge may "conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." United States v. Tucker, 404 U.S. 443, 446 (1972). But sentences based upon material misinformation may violate the Due Process Clause. United States v. Silverman, 976 F.2d 1502, 1512 (6th Cir. 1992). To successfully challenge information considered by the sentencing judge, the defendant must establish that the information is materially false or unreliable, and that it actually served as the basis for the sentence. United States v. Robinson, 898 F.2d 1111, 1116 (6th Cir. 1990).

The district court committed no error, plain or otherwise, in sentencing Parks. The court did not rely on false information or speculation when it determined Parks's sentence. It merely relied on the facts in the record and accurate information it learned while presiding over the trials of Parks's codefendants. The record clearly supports the fact that Parks could have been charged with a drug conspiracy offense because in her stipulation she admitted that she knew of a conspiracy to violate the drug laws and voluntarily joined in the conspiracy. See United States v. Price, 258 F.3d 539, 544 (6th Cir. 2001).

Even if the district court had not considered that Parks could have been charged with a greater offense, her sentence is fully justified by the other factors the court properly took into account. Parks's 12 months' imprisonment sentence was below the Guidelines range, and the court explained that, after considering all the mitigating factors, it determined that a one-year prison sentence was necessary to provide Parks with adequate punishment and rehabilitation.

## IV.

We conclude that Parks's sentencing proceedings were error free and that the sentence imposed was reasonable. For these reasons, we **AFFIRM** the sentence imposed by the district court.