**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 06a0195n.06**
**Filed: March 24, 2006**

**No. 05-1137**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff - Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| FELTON MACKIE, | ) | |
| | ) | |
| **Defendant - Appellant.** | ) | |

**Before: Gibbons, Griffin, and Bright[*], Circuit Judges.**

**PER CURIAM.** Felton Mackie initially pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a) and pursuant to a Rule 11 plea agreement. He received a primary prison sentence of forty-six months followed by a two-year term of supervised release. Following his release from incarceration, Mackie committed several violations of his supervised release for which the district judge imposed a maximum sentence of twenty-four months, which sentence is the subject of this appeal.

Although in excess of the guideline sentence of five to eleven months, the district court acted appropriately in the circumstances of the case. The twenty-four-month sentence does not violate this circuit's "plainly unreasonable" standard nor the general standard of "unreasonable" applicable for review of sentences. See United States v. Johnson, 403 F.3d 813, 816-17 (6th Cir. 2005).

---

[*] The Honorable Myron H. Bright, Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

The record clearly shows that Mackie, who is mentally ill, requires custodial care. Beginning about three months into his supervised release program, Mackie committed a series of violations, all of which occurred after he failed to continue treatment for his mental illness.

The supervised release violations included: (1) a state conviction for stealing money, (2) a state conviction for trespassing, (3) a violation for leaving the Eastern District of Michigan without permission, (4) a violation for failure to report to his probation officer for several months, and (5) a violation for failure to notify his probation officer of his several arrests, including the arrests leading to convictions, an arrest in Cleveland for misdemeanor assault and altercation with police, and a subsequent arrest in Cleveland for breaking and entering and attempting to steal four cartons of milk. Mackie did not deny any of the charges but stood mute on the two Cleveland arrests, which did not lead to convictions.

In imposing sentence, the district court recognized that Mackie was homeless, could not support himself, and did not meet his obligations of obtaining medical treatment and taking medication for his mental illness. The district court judge recognized that, unless Mackie could be placed in a custodial setting where required medication and treatment were given to him, Mackie posed a danger to himself and to others.

In imposing sentence, the district court stated:

> Even at $500 a month [his social security payments], if I put him back on the street, that's not enough money to live on. It's not even enough to get the medications. He needs meds and he needs them badly.
> When he's on his meds, he does fairly well. When he's off his meds, he doesn't do very well at all. And I don't like to put people in prison for a mental illness, but he has violated and he's a danger to himself as well as society.
> In this particular case, it's not because he's a sociopath, it's because he has this mental illness.

It will be the sentence of the Court — I'm going to give him 24 months. I'll tell you why.

I'm going to recommend strongly, and if they don't do this, I want to know, that he be in a federal medical facility where he can get mental health and he can also get the certification that he needs when he leaves there in order to continue his social security.

If he's in a medical facility, they'll give him all documentation so he doesn't have to get out, go into another psychiatric or medical facility or something else.

If, for some reason, the Bureau of Prisons does not send him to such an institution, then I want to know. Personally, I will go to bat for him, do everything I possibly can to make sure he gets into a medical facility.

. . . .

Because somewhere down the line, he's either going to get hurt. Even the instance where he's looking for a place to sleep and I understand that he had no money, no where to sleep. But that could have gotten to a dangerous situation, had he been in a different state. The police had guns. The whole thing is a bad situation.

J.A. at 38-39.

In the appeal, Mackie, through his counsel, asserts the sentence should be deemed unreasonable and further that the district court failed to consider the various factors stated in 18 U.S.C. § 3553(a) as a basis for sentencing, i.e., the nature of the offense, the need to deter criminal conduct, protect the public, provide the defendant with appropriate treatment, and consider the guidelines.

In a general way, the district court considered all the relevant factors in imposing the twenty-four-month sentence. We agree the circumstances seem tragic that a mentally ill person, who violates the terms of his supervised release, must go to prison to protect himself and the public rather than being able to receive adequate care outside prison walls. However, in this case there seemed to be no other practical alternative to provide proper care for Mackie.

In Johnson, we held, as not plainly unreasonable nor unreasonable, a prison sentence well above the guidelines for a drug offender who violated terms of his supervised release. 403 F.3d at

814, 817. Among other things supporting the sentence, the <u>Johnson</u> opinion recited, "[T]he district court's desire to give Defendant a sentence to help him gain the maximum benefit of a drug treatment program was not unreasonable." <u>Id</u>. at 817.

The <u>Johnson</u> case is strong precedent for an affirmance here and, accordingly, we AFFIRM the sentence of the district court.