NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0589n.06
Filed: August 17, 2006

**No. 05-2706**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| TERRANCE CANTREEL UNDERWOOD, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before: MOORE and SUTTON, Circuit Judges; KATZ, District Judge.[*]

PER CURIAM.   After the parties and our court agreed that the district court should resentence Terrance Underwood in the aftermath of *United States v. Booker*, 543 U.S. 220 (2005), the district court resentenced Underwood to the same term as before—100 months.  Underwood appeals, raising a series of challenges to his second sentencing proceeding.  Because the district court satisfied the procedural requirements of our cases in resentencing Underwood and because it issued a substantively reasonable sentence, we affirm.

---

[*]The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

No. 05-2706
*United States v. Underwood*

I.

On January 21, 2004, state police stopped Underwood in Battle Creek, Michigan. He pulled into a parking lot, then attempted to evade the police on foot. The officers caught him and found 28.18 grams of cocaine base, a Ruger P89 9mm handgun and $696 in his possession.

On July 6, 2004, Underwood pleaded guilty to being a felon in possession of a firearm as well as to possession with the intent to deliver 28.18 grams of cocaine base. Applying mandatory sentencing guidelines, the district court sentenced Underwood to concurrent 100-month prison terms for the two offenses. In the aftermath of *United States v. Booker*, 543 U.S. 220 (2005), this court (with the parties' consent) remanded the case to the district court for resentencing. On December 1, 2005, the district court, applying advisory guidelines, resentenced Underwood to concurrent 100-month sentences.

II.

We review the sentencing decision of a district court for procedural and substantive reasonableness and accord a sentence within the advisory guidelines range that satisfies the procedural requirements of post-*Booker* sentencing a presumption of substantive reasonableness. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006); *United States v. Richardson*, 437 F.3d 550, 553–54 (6th Cir. 2006). Each of Underwood's challenges to his sentence is unavailing.

Underwood initially contends that the sentencing court did not appropriately consider the 18 U.S.C. § 3553(a) factors in calculating his sentence. While a district judge must consider the "factors listed in 18 U.S.C. § 3553(a)," *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005), we have "never required the 'ritual incantation' of the factors to affirm a sentence," *United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005). In this instance, the district judge adequately considered the § 3553(a) factors.

During the sentencing hearing: the district court noted that "this offense involved both drugs and a weapon, which is an extremely dangerous combination." JA 100; *see* 18 U.S.C. § 3553(a)(1) ("The court, in determining the particular sentence to be imposed, shall consider—(1) the nature and circumstances of the offense and the history and characteristics of the defendant."). The court noted that if it issued a shorter sentence, it remained concerned about what Underwood would do next given the unfortunate trajectory of his criminal behavior. JA 101; *see* 18 U.S.C. § 3553(a)(2)(C) (referring to "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"). The court noted that the sentence would give Underwood time to "work on his GED." JA 101; *see* 18 U.S.C. § 3553(a)(2)(D) (referring to "the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"). And the court noted that similar offenders had been sentenced similarly. JA 100; *see* 18 U.S.C. § 3553(a)(6) (referring to "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"). As these examples illustrate, whether or not the district court considered each

§ 3553(a) factor in form (*i.e.*, by naming each subsection), it plainly considered them in substance, which is what matters. *See Williams*, 436 F.3d at 708–09.

In addition to this general challenge to the procedural reasonableness of his sentence, Underwood makes two specific procedural arguments: that the district judge failed to account for his age and failed to account for the disparity in the guidelines between sentences relating to crack cocaine and powder cocaine. We disagree on both fronts.

As to defendant's contention that his youth counseled in favor of a downward variance, the court rejected the contention for several reasons. It noted that Underwood "is a young man. There is no doubt about it. On the other hand, he's been in trouble since he was thirteen. And it's not just little stuff; it's serious kinds of things." JA 100. Later the court indicated that it imposed the sentence "somewhat reluctantly," but it noted that "Mr. Underwood needs some time to get ahold of himself." *Id.* The court went on to say that Underwood would still "be a young man when he gets out," and that while "it seems like a long time to him because it's a relatively long period for such a young man in the scheme of his life," Underwood would still "have a long life ahead of him." *Id.* The court expressed concern that because Underwood had been convicted of increasingly serious offenses, it feared "what would happen if he got out earlier." JA 101. This reasoning adequately explained why the court rejected Underwood's youth-based requests for leniency.

The court also adequately addressed Underwood's argument premised on the disparity between sentences for crack and powder cocaine. "Congress and the sentencing commission," it

reasoned, "have found that there are differences in the amount of violence, for example, related to the two different types of cocaine." JA 100. And "many people," the court added, already "have been sentenced with that disparity." *Id*.

Turning from the procedural to the substantive, Underwood argues that his sentence was "greater than necessary[] to comply with the purposes set forth in" § 3553(a)(2). 18 U.S.C. § 3553(a). But as we have noted, a sentence within the guidelines that satisfies the procedural requirements of post-*Booker* sentencing is presumed to be substantively reasonable. And Underwood has failed to rebut that presumption. After considering the § 3553(a) factors, the district court imposed a sentence at the bottom of the guidelines range and did so in a procedurally apt manner. The question is not whether we would have exercised a trial court's sentencing discretion in the same manner; it is whether the district court acted within its considerable discretion in issuing this sentence. In our view, it did. *See Webb*, 403 F.3d at 385 (noting that because "the record indicates that the district judge carefully reviewed and weighed all the relevant information provided by [the defendant], the government, and the probation office before arriving at [the defendant's] sentence . . . , we find nothing in the record that indicates that [the defendant's] sentence is an unreasonable one").

III.

For these reasons, we affirm.