**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0447n.06
Filed: June 26, 2007

**No. 06-1254**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| STEVEN LUOKKALA, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |

BEFORE: MARTIN and BATCHELDER, Circuit Judges; O'MEARA, District Judge.[*]

**JOHN CORBETT O'MEARA, District Judge.** Defendant-Appellant Steven Luokkala

appeals his re-sentencing by the district court following remand in light of *United States v. Booker*,

543 U.S. 220 (2005). Luokkala contends that his re-sentence was unreasonable because the court:

1) failed to consider the factors articulated in 18 U.S.C. § 3553(a), 2) failed to consider the facts of

the case anew after remand, 3) failed to take into account his post-sentencing behavior, and 4) failed

to weigh his mitigating factors. For the reasons set forth below, we find that the re-sentencing court

properly fulfilled its sentencing role by adequately considering all of these factors.

I.

Defendant pleaded guilty to possessing a gun as a felon in violation of 18 U.S.C. § 922(g).

The Sentencing Guideline range was 57-71 months in prison and a fine of $6,000-$60,000. The

_____

[*]The Honorable John Corbett O'Meara, United States District Court for the Eastern District
of Michigan, sitting by designation.

district court initially sentenced him to 57 months' imprisonment and imposed a fine of $1,780.

Defendant appealed, and this court remanded the case for re-sentencing after *Booker*, *supra*. The

re-sentencing court, after considering the factors required by 18 U.S.C. § 3553(a), imposed the

original sentence.

II.

This court reviews a district court's judgment of sentence for reasonableness. *United States*

*v. Jones*, 445 F.3d 865, 869 (6th Cir. 2006). A sentence imposed within the properly calculated

advisory Guidelines range is afforded a rebuttable presumption of reasonableness. *Id*. at 869 (citing

*United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006)).

This court "may conclude that a sentence is unreasonable when the district judge fails to

'consider' the applicable Guidelines range or neglects to 'consider' other factors listed in 18 U.S.C.

§ 3553(a), and instead simply selects what the judge deems an appropriate sentence without such

required consideration." *United States v. Richardson*, 437 F.3d 550, 553 (6th Cir. 2006) (quoting

*United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005)). Thus, the reasonableness of a sentence

depends upon the length of sentence as well as "the factors evaluated and the procedures employed

by the district court in reaching its sentencing determination." *Webb*, 403 F.3d at 383.

A district court must also articulate a sentencing rationale sufficient to allow this Court to

engage in meaningful review. *Jones*, 445 F.3d at 869 (citing *United States v. Jackson*, 408 F.3d 301,

305 (6th Cir. 2005)). However, this Court "has never required the 'ritual incantation' of the [§

3553(a)] factors to affirm a sentence." *Williams*, 436 F.3d at 708 (quoting *United States v. Johnson*,

403 F.3d 813, 816 (6th Cir. 2005)). Although it is unnecessary for a sentencing court to recite the §

3553(a) factors explicitly in order to allow for a meaningful review, there must be "sufficient evidence in the record to affirmatively demonstrate the court's consideration" of those factors. *Jones*, 445 F.3d at 869.

### III.

In reviewing the transcript from the re-sentencing hearing in this case, we see that the district court considered the advisory Guidelines range of 57-71 months and noted that it had read the Presentence Investigation Report prepared by the probation department. The court also indicated that it was aware of the downward departure of the original sentence and the overlap of the Guidelines range with and without the departure.

The district court considered the other § 3553(a) factors and presented them in a manner that this Court is capable of reviewing. As Defendant concedes, the district court specifically considered both "the need for protection of the public, and the seriousness of the offense." 18 U.S.C. § 3553(a)(2)(A) and (C). The court did not make a bare reference to these factors but considered them in conjunction with the fact that "the defendant did have a lengthy record." Joint Appendix ("JA") at 76. The court explicitly addressed Defendant's history and characteristics by commenting on his mechanical skills and his potentially "positive influence on [Defendant's] family and in [Defendant's] community" and then weighed those characteristics against his "numerous convictions." 18 U.S.C. § 3553(a)(1); JA at 74-75.

Furthermore, the district court considered Defendant's need for rehabilitation and drug treatment. 18 U.S.C. § 3553(a)(2)(D). The court recommended Defendant for the 500-hour drug rehabilitation program and required him to "undergo drug testing and treatment by the probation

office." JA at 77-78. By requiring such treatment, the sentencing court complied with the Sentencing Commission policy statement recommending "special" conditions of supervised release in particular cases involving substance abuse. 18 U.S.C. § 3553(a)(5)(A); U.S.S.G. § 5D1.3(d); JA at 77. The court also considered the availability of a $6,000-$60,000 fine but determined that a lesser monetary penalty of $1,780 should be imposed. 18 U.S.C. § 3553(a)(3).

In reviewing the re-sentencing hearing, we find that the district court adequately considered the factors articulated in 18 U.S.C. § 3353(a), considered the facts of the case anew after remand, took into account Defendant's post-sentencing behavior, and weighed Defendant's mitigating factors. The district court imposed a procedurally and substantively reasonable sentence. The re-sentence is **AFFIRMED**.