NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0581n.06
Filed: September 30, 2008

Case No. 06-3173

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff - Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| FREDERICO MANZO-REYES, | ) | |
| | ) | |
| Defendant - Appellant. | ) | |
| | ) | |
| _____ | ) | |

BEFORE: DAUGHTREY and GIBBONS, Circuit Judges; ZATKOFF, District Judge.[*]

**Lawrence P. Zatkoff, District Judge**. On August 19, 2005, Appellant Manzo-Reyes pleaded guilty to the charge of illegal re-entry after removal in violation of 8 U.S.C. § 1326. The conviction resulted in an advisory Guidelines range of 46–57 months. Judge Patricia A. Gaughan of the United States District Court for the Northern District of Ohio sentenced Appellant to 46-months incarceration followed by three years of supervised release. This appeal followed in which Appellant contests the reasonableness of his sentence, arguing that Judge Gaughan failed "to address the factors under 18 U.S.C. § 3553, . . . to apply the particular facts and mitigating circumstances to those factors, and . . . to place any analysis on the record for purposes of review." For the following reasons, we AFFIRM the sentence imposed by the district court.

---

[*]The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

# I. BACKGROUND

On May 23, 2005, police in Orrville, Ohio, pulled over a speeding vehicle operated by Appellant. Appellant could produce no driver's license, and the officer determined that he had been deported from the United States two years earlier. In processing Appellant, Immigration and Customs Enforcement discovered that Appellant's previous deportation resulted from his felony conviction in South Carolina for Assault and Battery of a High and Aggravated Nature (Indecent Liberties).

On June 8, 2005, the government charged Appellant with re-entering the United States without permission. Appellant was detained for the duration of the pretrial period. On August 19, 2005, with the assistance of an interpreter, Appellant pleaded guilty without a plea agreement.

Before the district court imposed sentence, the parties discussed sentencing issues. Appellant's counsel argued that the Guidelines range was disproportionately harsh:

> Your Honor, I believe the presentence report quite adequately explains what the circumstances are regarding Mr. Manza-Reyes' (sic) circumstances being in the country. He is truly remorseful because he was apprehended, but also he just wasn't able to find employment in his home country and came here to make a living. We rely of (sic) many illegal entrants to this country to sustain our economy. And it is kind of a paradox that the punishment should be so severe when all the fellow was trying to do was make a living.

Appellant echoed his counsel's sentiments and added that he had to earn money in the United States in order to provide for his wife and son at home. Appellant also contended that he had already paid for his previous felony conviction and thus requested the "least sentence possible" so that he could return to his family as quickly as possible. The government advocated a sentence within the advisory Guidelines range.

2

Judge Gaughan thereafter sentenced Appellant to 46-months imprisonment followed by three years of supervised release. Judge Gaughan stated, "The Court finds this to be a reasonable sentence. I have consulted with the advisory sentencing guideline range and have given a sentence at the lowest end of the range. In addition, I have looked at the 3553(a) factors." Judge Gaughan then asked Appellant's counsel whether he had any further objections; none were uttered.

## II. STANDARD OF REVIEW

This Court reviews challenges not previously raised at sentencing under the plain-error standard. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). The Court employs a four-step analysis with respect to plain-error review. First, the court determines whether an error occurred in the district court. *Id.* at 386. Second, the court considers whether such error was plain. *Id.* Next, if the error was plain, the court examines whether it affected substantial rights. *Id.* Finally, if the plain error affected substantial rights, the court must decide whether it also seriously "affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* If a negative response derives from any one of these inquiries, the trial court's decision must be upheld. *Id.* Under the plain-error standard, the district court will be reversed only "where the error is so plain that the trial judge . . . [was] derelict in countenancing it." *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006).

## III. ANALYSIS

Appellant's sole argument on appeal is that the district court failed to articulate adequate reasons for the sentence imposed and failed to apply the mitigating circumstances raised by Appellant to the factors set forth in 18 U.S.C. § 3553(a). In so arguing, however, Appellant does not point to any specific facts that the district court should have considered. The government responds

that Judge Gaughan satisfied sentencing requirements by referencing the factors delineated in section 3553(a).

Although a judge must state her reasons for the particular sentence imposed, 18 U.S.C. § 3553(c), "[t]he appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances. . . . The law leaves much, in this respect, to the judge's own professional judgment." *Rita v. United States*, 551 U.S. ___, 127 S. Ct. 2456, 2468 (2007). In *Rita*, the Supreme Court highlighted a scenario in which the judge would be required to state very little: "Unless a party contests the Guidelines sentence generally under § 3553(a)—that is argues that the Guidelines reflect an unsound judgment, or, for example, that they do not generally treat certain defendant characteristics in the proper way—or argues for departure, the judge normally need say no more." *Id.* In such circumstances, it is clear "that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence." *Id.* Thus, while a remand may be warranted if the court failed to mention section 3553 entirely, district courts need not engage in "the ritual incantation" of the factors set forth in section 3553. *See United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005).

In *Vonner*, the trial-court judge stated that he "considered the nature and circumstances of the offense, the history and characteristics of the offense, the history and characteristics of the defendant, and the advisory Guidelines range, as well as the other factors listed in 18 [U.S.C. §] 3553(a)." *Vonner*, 516 F.3d at 386. After announcing the sentence, the judge asked each party whether it "ha[d] any objection to the sentence just pronounced not previously raised." *Id.* Neither party raised an objection, thereby triggering the plain-error standard of review. The *Vonner* court acknowledged that the trial judge's recitation of considerations was not "ideal" but nevertheless

4

upheld the sentence after conducting plain-error review. *Id.*

In this case, both parties had the opportunity to comment on sentencing issues. Appellant offered what he deemed to be mitigating circumstances and requested that the court give him "the least sentence possible so [he could] return to [his] family as soon as possible." Judge Gaughan expressly stated that she "looked at" the section 3553 factors and consulted the sentencing Guidelines range. She further indicated that the sentence was the lowest possible under the Guidelines and she considered it reasonable. Under the circumstances, Judge Gaughan satisfied 18 U.S.C. § 3553(c). The sentence that Appellant received was the very minimum under the Guidelines range and significantly shorter than the statutory maximum of twenty years. *See* 8 U.S.C. § 1326(b)(2). The context of Appellant's sentencing establishes that Judge Gaughan considered the arguments of Appellant, the Guidelines, and the section 3553 factors in fashioning a reasonable sentence. Therefore, the district court committed no error in its sentencing of Appellant.

As with *Vonner*, even if the lower court's sentence constituted an error, it was not plain nor did it affect "the fairness, integrity, or public reputation of the judicial proceedings." *Vonner*, 516 F.3d at 386. Judge Gaughan mentioned the section 3553 factors, and the context of her sentence establishes that she fashioned a sentence at the lowest end of the Guidelines in response to Appellant's articulation of mitigating circumstances. Appellant's arguments and contentions, like those set forth in *Vonner*, were "conceptually straightforward, and the district court imposed a within-guidelines sentence. Nothing in the 'record,' or 'context' of the hearing, suggests that the court did not 'listen[]' to, "consider[]" and understand every argument." *Id.* at 388 (quoting *Rita*, 127 S. Ct. at 2469). Under *Rita* and *Vonner*, the circumstances of Appellant's case—especially when considering the straightforwardness of his arguments—did not merit a lengthy explanation.

5

## IV.  CONCLUSION

For the foregoing reasons, we **AFFIRM** the sentence imposed by the district court.