NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0751n.06
Filed: December 9, 2008

No. 07-3870

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee,* | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| HARVEY JOHNSON, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant.* | ) | |

BEFORE:     MERRITT, MOORE, and COLE, Circuit Judges.

**COLE, Circuit Judge.**  Defendant-Appellant Harvey Johnson appeals the thirty-six-month sentence imposed by the district court following its revocation of his supervised release.  Johnson argues that the district court committed procedural error by inadequately explaining its upward variance from the United States Sentencing Commission's advisory Guidelines range.  Johnson also argues that the sentence imposed by the district court was substantively unreasonable because there was insufficient record evidence demonstrating its consideration of the relevant 18 U.S.C. § 3553(a) factors.  We agree that Johnson's sentence is procedurally unreasonable.  However, because we have insufficient information to provide meaningful review of substantive reasonableness, we do not evaluate Johnson's sentence for substantive reasonableness.  For the reasons set forth below, we **VACATE** Johnson's sentence and **REMAND** this case to the district court for resentencing.

## I.  BACKGROUND

On October 16, 1997, Johnson was convicted in the United States District Court for the Eastern District of Pennsylvania of conspiracy, armed bank robbery, and using or carrying a firearm during a crime of violence. He was sentenced to sixty months in prison and sixty months of supervised release. In April 2003, Johnson's supervision was transferred to the Southern District of Ohio.

The United States Probation Office filed a July 2006 report alleging that Johnson had violated the terms of his supervision. The report stated that Johnson had failed to submit his required monthly reports for March 2006 through June 2006 and that an Ohio grand jury had returned a three-count indictment against him for theft and forgery. The probation officer recommended that no action be taken against Johnson until either the officer had completed an investigation or the charges were resolved; the district court concurred with this recommendation.

In November 2006, the Probation Office petitioned the district court to "issue an Order to Appear and Show Cause and to toll Johnson's term of supervise[d] release." (Petition for Warrant of Oct. 31, 2006 1, Joint Appendix ("JA") 9.) The probation officer recommended revoking Johnson's supervision. Johnson appeared and was released on an own-recognizance bond. The court then scheduled Johnson's revocation hearing for February 2007, but the hearing was later rescheduled to occur in May 2007.

Before the district court could consider Johnson's initial revocation, the Probation Office filed an April 19, 2007 petition requesting that the court "issue a warrant" and revoke Johnson's supervision. This petition explained that Johnson had left the judicial district without permission of the court or of a probation officer. The district court ordered the issuance of a warrant for

Johnson's arrest, and Johnson was arrested in Wildwood, Florida the following day. The court also rescheduled Johnson's revocation hearing for June 27, 2007.

Prior to the June revocation hearing, the Probation Office amended its petition for revocation of supervision to allege four violations of Johnson's supervised release. The first violation alleged that Johnson had left the judicial district without permission of the court or a probation officer. The remaining violations alleged that Johnson had committed three separate federal, state, or local crimes. The second violation restated the theft and forgery charges from the November 2006 petition. The third violation alleged that Johnson had been in possession of a firearm when he was arrested in Florida in April. The fourth violation concerned Johnson's alleged murder of Keva Gazaway. The probation officer also prepared a Supervised Release Violation Report ("SRVS") and an Amended SRVS, which recommended that the court revoke Johnson's supervised release and sentence him "for 36 months in all counts with the terms to be served concurrently with no supervised release." (Amended SRVS 1-7, JA 39-47.)

At the June 27, 2007 revocation hearing, the government explained that it was prepared to proceed on the first supervised release violation—leaving the judicial district without permission—but was not in a position to present proof as to the remaining three. Johnson informed the court that he was admitting to the first violation, but that "[v]iolations 2, 3, and 4 relate[d] to pending criminal matters in other jurisdictions, and [he], obviously, would not be able to make any admissions concerning that activity." (Hr'g Tr. of June 27, 2007 ("June Tr.") 2, JA 24.)

The entirety of the record constituting the district court's acceptance of Johnson's plea and the imposition of his sentence follows:

The Court: All right. You are pleading guilty to the charge that you violated your condition of supervised release by leaving the judicial district. Is that correct?

The Defendant: Yes, sir.

The Court: All right. The Court finds that the supervised release is hereby revoked, and defendant is sentenced to prison for three years.

[Johnson's attorney]: Your Honor, can we address that issue, please?

The Court: Please?

[Johnson's attorney]: Can we address that issue, please?

The Court: Address what?

[Johnson's attorney]: Can I address the Court before you pronounce sentence?

The Court: Go ahead.

[Johnson's attorney]: Your Honor, this is a Grade C violation that we're admitting. The guideline range is five to eleven months. The only information pending before this Court that he has admitted to is the fact that he left the judicial jurisdiction.

I understand that the Court has the ability and the right because the guidelines are advisory and have always been advisory as they relate to supervised release violations. But this is a Grade C violation, a technical violation, with a range of five to eleven months, and I think the Court should consider that.

We did not plead guilty to the A or B violations, which are set forth in Violations 2, 3, and 4.

The Court: I understand what you're saying. I understand the circumstances surrounding what he's pleading guilty to in Violation number one. He was asked not to leave the jurisdiction before he left and he knew he was not supposed to, but he went anyhow. So, I'm taking that into consideration in the sentence, and I'm imposing what I think is appropriate in this case.

Does the Government have anything it wants to add?

[The government]: It would not object to the Court's recommended sentence, your

Honor.

The Court: All right. Your objection's noted, [to Johnson's attorney].

[Johnson's attorney]: (Nods head up and down.)

The Court: Anything else on this matter?

[The government]: Not on behalf of the government, your Honor.

[Johnson's attorney]: No, your Honor.

(June Tr. 3-5, JA 25-27.) The Court then entered a written judgment sentencing Johnson to three years in prison. Johnson's timely appeal followed.

## II. ANALYSIS

This Court reviews a district court's sentence on revocation of supervised release under a deferential abuse of discretion standard for reasonableness. *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007). The reasonableness inquiry contains both procedural and substantive components. *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

### A.    Procedural Reasonableness

A sentence on revocation may be procedurally unreasonable "if the district judge fails to consider the applicable Guidelines range or neglects to consider the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006) (internal citations omitted) (citing *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005)). The § 3553(a) factors relevant to a revocation of supervised release include "the nature of the offense; the need to

deter criminal conduct, to protect the public, and to provide Defendant with appropriate treatment; any guideline range for sentencing; guideline policy statements; and avoidance of unwarranted disparities." *United States v. Johnson*, 403 F.3d 813, 815 (6th Cir. 2005) (citations omitted).

Johnson argues that the district court's actions were procedurally unreasonable because "[t]he court did not make any findings regarding the proper guideline sentencing range and gave no explanation for its sentence." (Final Br. of Defendant-Appellant Johnson 9.) The Supreme Court recently provided instructions for our review of such issues. *See Gall*, 128 S. Ct. at 597-98. This Court must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." *United States v. Jordan*, 544 F.3d 656, 2008 U.S. App. LEXIS 21572, at *44 (6th Cir. Oct. 15, 2008) (citing *Gall*, 128 S. Ct. at 597)*; see also United States v. Grossman*, 513 F.3d 592, 595 (6th Cir. 2008) (citation omitted). And while it is true that the district court has no obligation to engage in a "ritualistic incantation of the relevant § 3553(a) factors," *United States v. Trejo-Martinez*, 481 F.3d 409, 413 (6th Cir. 2007), the reviewing court must provide enough detail in imposing a particular sentence "to permit reasonable appellate review." *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006) (citation omitted); *see also Grossman*, 513 F.3d at 595.

1.      *The district court's consideration of the proper Sentencing-Guidelines range*

First, we disagree with Johnson's argument that the district court did not make any findings

regarding the proper sentence, and find that the court properly allowed Johnson an opportunity to address the sentence. (*See* June Tr. 3-4, JA 25-26.) Before Johnson objected, the district court's findings on the revocation of Johnson's supervised release included only that, "[t]he Court finds that the supervised release is hereby revoked, and defendant is sentenced to prison for three years." (*Id.* 3, JA 25.) This limited analysis alone would have been procedurally unreasonable. However, Johnson's objections clarified that the violation was a "Grade C violation," that the relevant Guidelines range was "five to eleven months," and that Johnson was not pleading guilty to any other violations. (*Id.* 4, JA 26.) The court then stated that it understood Johnson's arguments and the circumstances surrounding Johnson's guilty plea, and imposed the sentence it thought was "appropriate in this case." (*Id.*)

While the district court's finding regarding Johnson's Sentencing-Guidelines range was less than ideal, we are not inclined to find it procedurally unreasonable. In *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004), this Court announced a new procedural rule requiring district courts to entertain, in fact to request, any objections after pronouncing the defendant's sentence and before adjourning the sentencing hearing. *Id.* at 872. There, we stated, "[p]roviding a final opportunity for objections after the pronouncement of a sentence, 'will serve the dual purposes of permitting the district court to correct on the spot any error it may have made and of guiding appellate review.'" *Id.* at 873 (citation omitted). As this Court anticipated in *Bostic*, Johnson's timely objection provided the district court with an opportunity to correct its error. Specifically, Johnson's objection clarified the applicable Guidelines range of five-to-eleven months. And the district court indicated its agreement with that range. Thus, though the district court's initial

pronouncement was procedurally unreasonable, where Johnson's *Bostic*-objection set out the proper

Guidelines range, the district court demonstrated its understanding of Johnson's objection, and

Johnson does not argue that the court applied the wrong Guidelines range, we do not find the district

court acted procedurally unreasonably in determining Johnson's Guidelines range.

*2.      The district court's explanation of its variance from the Sentencing Guidelines*

Johnson also argues that the district court failed to explain its sentence, by failing to articulate

how the § 3553(a) factors applied to his out-of-Guidelines sentence or to explain how it arrived at

its determination.  For the reasons set forth below, we agree.

Undoubtedly, the recommendation and imposition of an appropriate sentence is the province

of the district court.  Our standard of review for sentencing reflects the deference allotted to such

decisions.  However, in order to allow meaningful review, the district court must provide appellate

courts with sufficient information about the justification for the imposed sentence.  *United States v.*

*Kirby*, 418 F.3d 621, 626 (6th Cir. 2005).

In this case, we have nothing to review—no discussion of § 3553(a) nor any other

explanation.  As stated above, the court's first determination provided, "[t]he Court finds that the

supervised release is hereby revoked, and defendant is sentenced to prison for three years." (June

Tr. 3, JA 25.)  This statement is procedurally unreasonable and Johnson properly objected to the

sentence on those grounds.  Yet, even after Johnson's objection, the court failed to correct its error.

Johnson explained that he had only pleaded guilty to a Grade C Violation with a five-to-eleven-

month Guidelines range, but the court replied as follows:

I understand what you're saying.  I understand the circumstances surrounding what

he's pleading guilty to in Violation number one. He was asked not to leave the jurisdiction before he left and he knew he was not supposed to, but he went anyhow. So, I'm taking that into consideration in the sentence, and I'm imposing what I think is appropriate in this case.

(*Id*. 4, JA 26.) In sum, the district court based its sentencing decision solely on its own unspoken determination of what it deemed to be appropriate in this case. But that is not enough. We are unable to review whether the district court abused its discretion where the colloquy leaves us nothing to review. Under these circumstances, our precedent requires a determination that the district court's sentence is procedurally unreasonable.

**B.      Substantive reasonableness**

It is unclear whether the sentence imposed by the district court in this case is substantively reasonable. This Court concludes that there is simply not enough information in the record to allow for a meaningful review. The district court failed to explain the relevant § 3553(a) factors, its reasoning, or its justification for making an upward variance from the Sentencing Guidelines. Given the lack of information regarding substantive reasonableness and our finding that Johnson's sentence was procedurally unreasonable, we must vacate Johnson's sentence and remand his case to the district court for resentencing.

### III.  CONCLUSION

For the reasons set forth above, we **VACATE** Johnson's sentence and **REMAND** the case to the district court for a new sentencing hearing.