NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0054n.06

No. 25-5136

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff-Appellee, | ) | Jan 27, 2026 |
|  | ) | KELLY L. STEPHENS, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| DEVONTE CORTEZ WELCH, | ) | |
| Defendant-Appellant. | ) | |
|  | ) | OPINION |

Before: DAVIS, RITZ, and HERMANDORFER, Circuit Judges.

HERMANDORFER, Circuit Judge. Devonte Welch received a 24-month prison sentence for violating several conditions of his supervised release. In a previous appeal, we concluded that the district court failed to adequately explain its selection of Welch's sentence and vacated the sentence as procedurally unreasonable. On remand, the district court again imposed a 24-month term of imprisonment. Welch appeals once more, now contending that the district court relied on an impermissible factor at sentencing. But this time, Welch's argument fails. So we affirm.

I

Devonte Welch pled guilty to being a felon in possession of a firearm. The district court sentenced Welch to 38 months' imprisonment, followed by a three-year term of supervised release. Welch completed his period of confinement. But he failed to follow the conditions of his supervised release. While on release, Welch tested positive for marijuana and oxycodone. Several

days later, law-enforcement officers caught Welch with 23 fentanyl pills, marijuana, and nearly $1,000. Welch also sold fentanyl to a confidential informant four times. And while executing a search warrant at Welch's home, police found 121 fentanyl pills, over $1,400 in cash, three firearms, and ammunition.

A probation officer petitioned the district court to revoke Welch's supervised release, citing seven violations of Welch's conditions of release. Separately, a federal grand jury indicted Welch for possession with the intent to distribute fentanyl. 21 U.S.C. § 841(a). Welch pled guilty to that offense. The district court sentenced Welch to 71 months' imprisonment based on the § 841(a) conviction. Two weeks later, the district court held a revocation hearing. At that hearing, the district court found that Welch had violated the conditions of his supervised release. It thus revoked Welch's supervised release and imposed a 24-month term of imprisonment for the violations, to run consecutively to the 71-month sentence for the § 841(a) conviction.

Welch appealed both sentences. We upheld his 71-month sentence. *See United States v. Welch*, Nos. 23-5421/23-5465, 2024 WL 1887004, at *4 (6th Cir. Apr. 30, 2024). But we vacated the 24-month sentence. *Id.* We explained that the district court failed to address Welch's argument that "only half of his supervised-release violations sentence should run consecutively to his § 841(a) sentence." *Id.* That rendered Welch's sentence procedurally unreasonable. *Id.* We thus remanded to the district court for resentencing. *Id.*

On remand, the district court again sentenced Welch to 24 months' imprisonment for violating his supervised-release conditions, to run consecutively to the 71-month sentence for violating § 841(a). At the hearing, the district court stated that when a defendant "violate[s] the terms of supervision," that constitutes a "separate violation [from] the crime itself," and "there ought to be some accountability" for the supervised-release violation "above and beyond the crime

2

itself." Resentencing Tr., R.93, PageID 948. As for Welch specifically, the district court explained that "because of Mr. Welch's background, his violent background," a "concurrent sentence" would "not address [the district court's] concern with protecting the public and also accountability for not complying with the terms of supervision." *Id.* at PageID 949. The district court further noted that it "examined the sentence again in light of" the 18 U.S.C. § 3553(a) "factors." *Id.* And it again reemphasized that "the protection of the public is an overwhelming rationale here." *Id.*

At the end of its sentencing explanation, the district court asked whether either side saw "anything deficient in the Court's explanation" or had any other objections. *Id.* at PageID 950. Welch did not object to the district court's explanation for imposing his sentence.

This timely appeal followed.

## II

Congress set out the factors that a district court must consider in deciding whether to "revoke a term of supervised release" and "require the defendant to serve in prison all or part of the term of supervised release authorized by statute." 18 U.S.C. § 3583(e)(3). Permissible considerations include "the nature and circumstances of the offense and the history and characteristics of the defendant," *id.* § 3553(a)(1), and "the need for the sentenced imposed" to "afford adequate deterrence to criminal conduct" and "protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(B)-(C).

By contrast, Congress placed certain factors off-limits from courts when sentencing for supervised-release violations. In particular, a district court may not rely on the "retributive" considerations set forth in § 3553(a)(2)(A)—*i.e.*, the "need for the sentence imposed to 'reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.'" *Esteras v. United States*, 606 U.S. 185, 192 (2025) (quoting 18 U.S.C. § 3553(a)(2)(A));

*see* 18 U.S.C. § 3583(e). In other words, district courts cannot "consider[] the need to exact retribution for the defendant's original criminal offense" when imposing a prison sentence after revoking a term of supervised release. *Esteras*, 606 U.S. at 203. Still, we've held that a district court may account for the "seriousness" of the "supervised-release violation as a breach of trust" when fashioning an appropriate sentence. *United States v. Patterson*, 158 F.4th 700, 703 (6th Cir. 2025); *see also United States v. Sims*, 161 F.4th 455, 459 (6th Cir. 2025).

Welch asserts that the district court based the 24-month revocation sentence in part on "retribution" for his underlying felon-in-possession offense. Welch Br. 16. If true, that would mean the district court relied on § 3553(a)(2)(A), an "impermissible factor," thus rendering Welch's sentence procedurally unreasonable, *Sims*, 161 F.4th at 459.

Welch, though, did not raise that *Esteras*-based argument below. That is so even though the district court twice solicited any legal objections at the conclusion of the sentencing proceedings—including by asking Welch's counsel about the adequacy of its explanation, specifically. *See United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004). So we apply the "extremely deferential" plain-error standard of review. *United States v. Hymes*, 19 F.4th 928, 933 (6th Cir. 2021) (citation omitted).

On plain-error review, we will affirm "unless it is clear or obvious that the district court actually relied on § 3553(a)(2)(A)—because it did so either expressly or by unmistakable implication." *Esteras*, 606 U.S. at 202-03 (citation modified). Welch also must show that the error "affected [his] substantial rights" and "affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (citation omitted).

We see no plain error on the part of the district court. The district court did not "expressly" rely on § 3553(a)(2)(A) when it sentenced Welch to 24 months' imprisonment for violating the conditions of his supervised release. *Esteras*, 606 U.S. at 202-03. At the hearing, the district court never mentioned § 3553(a)(2)(A). And the district court did not discuss the underlying felon-in-possession conviction, let alone the "seriousness" of that offense or the need to impose "just punishment" for it. 18 U.S.C. § 3553(a)(2)(A).

Nor did the district court rely on § 3553(a)(2)(A) by "unmistakable implication." *Esteras*, 606 U.S. at 202-03. The district court imposed the 24-month consecutive sentence after explaining that, "because of Mr. Welch's . . . violent background," a "concurrent sentence . . . would not address the [district court's] concern with protecting the public and also accountability for not complying with the terms of supervision." Resentencing Tr., R.93, PageID 949. Protecting the public from future crimes is a permissible consideration. *See* 18 U.S.C. § 3583(e); *Sims*, 161 F.4th at 459. And "accountability for not complying with the terms of supervision," Resentencing Tr., R.93, PageID 949, does not sound in punishment for Welch's original felon-in-possession offense. If anything, it speaks to the "seriousness" of Welch's "supervised-release violation as a breach of trust"—a permissible factor. *Patterson*, 158 F.4th at 703.

Welch's two arguments to the contrary fail to persuade. *First*, he reads the district court's explanation as imposing "punishment" for his "violent past," including for the underlying felon-in-possession offense. Welch Br. 16. But that isn't the most plausible, much less the "unmistakable," understanding of the district court's explanation. *Esteras*, 606 U.S. at 202-03. Again, the district court did not discuss Welch's felon-in-possession conviction when it imposed the 24-month sentence. And even assuming that the district court impliedly referred to that offense, the Supreme Court has explained that the violent nature of the original offense "might

5

inform the court's judgment as to whether revocation is necessary 'to protect the public from further crimes of the defendant.'" *Esteras*, 606 U.S. at 200 (quoting 18 U.S.C. § 3553(a)(2)(C)). Here, right after mentioning Welch's "violent background," the district court emphasized that "the protection of the public is an overwhelming rationale" for the 24-month sentence. Resentencing Tr., R.93, PageID 949. So to the extent the district court considered the underlying felon-in-possession offense, it did so in connection with the permissible protect-the-public factor.

*Second*, Welch faults the district court for generally invoking the § 3553(a) factors without explicitly excluding § 3553(a)(2)(A) from consideration. But a passing reference to the § 3553(a) factors, without more, does not imply—unmistakably or otherwise—that the district court "actually relied on § 3553(a)(2)(A)." *Esteras*, 606 U.S. at 202-03. Even under less-deferential review, we don't require district courts to engage in the "ritual incantation" of the specific factors on which it relied. *United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005) (citation omitted). If Welch "wanted a more robust explanation of the factors the court relied on, then he should have raised his objection before the district court" when asked. *Patterson*, 158 F.4th at 703 (citation modified).

\* \* \*

We affirm.